Filed 09/03/10    Case 09-30142    Doc 181

FILED
September 03, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002906252

Lewis Phon, Esq. (Bar # 74907)
LAW OFFICES OF LEWIS PHON
4040 Heaton Court
(415) 574-5029 tel
(925) 706-7600 fax

Attorney for Debtor
Cecilia Mendez

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              Chapter 11

                                   Case No. 2009-30142
Cecilia Mendez,
                                     DCN: LP-9

                                   DATE: SEPTEMBER 29, 2010
            Debtor.                TIME: 1:00 P. M.
                                   JUDGE: Hon. Robert S. Bardwil
                                   PLACE: Courtroom 34
_____/

**DEBTOR, CECILIA MENDEZ,'S PLAN OF REORGANIZATION**
(Dated: SEPTEMBER 3, 2010)

Cecilia Mendez (hereinafter, "Debtor") proposes the following Plan of Reorganization (the "Plan") filed on September 3, 2010:

**A.   DEFINITIONS**

"Allowed" claim or interest, whether secured or unsecured, means (a) a claim or interest against Debtor as to which (i) the holder has filed a timely proof of claim or interest, or has such claim or interest listed in Debtor's schedules of assets and liabilities in the same amount and such claim or interest is not

Debtor's Chapter 11 Plan                -1-

listed therein as disputed or contingent, <u>and</u> (ii) as of the Effective Date, no party in interest (including the Debtor) has filed a timely objection, <u>or</u> (b) the claim or interest has been allowed by final order of the Bankruptcy Court.  Notwithstanding the foregoing, Debtor may treat any claim listed on its schedules of assets and liabilities and any proof of claim or interest filed on behalf of the holder thereof by Debtor as if such claim were an allowed claim for any or all purposes under this Plan.

"Bankruptcy Code" means Title 11 of the  United States Code, 11 U.S.C. § 101 <u>et seq</u>.

"Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of California, Sacramento Division.

"Disputed Claim" means any claim that is not an allowed claim or any claim where there is a challenge as to its validity or amount.

"Secured claim."  A secured claim is such a claim as is determined by the court to be properly secured by the collateral or item which the creditor has alleged as security for goods, money or other consideration advanced to the debtor to the extent of the value of the collateral.

"Unsecured claim."  An unsecured claim is a claim not sufficiently secured by a lien, encumbrance, deed of trust, or similar documents by any goods, collateral, or tangible or intangible assets, materials, or items, including any portion of a secured claim that is under collateralized because the value of the security has fallen below the value of the claim.  Also, included are those claims arising from a rejection of executory contracts as provided herein or any lien that has been avoided from the title of its collateral by order of court resulting in the claim being unsecured.

"Pro rata."  Pro Rata means proportionally so that the amount of consideration distributed on account of a particular allowed claim in relation to the amount of all claims in the same class is in the same ratio as the amount of consideration distributed to all other claims in the same class in which the particular claim is included.

"Effective Date" means the date on which an Order confirming the Plan becomes a Final Order.

"Final Order" means a court order that has not been reversed, stayed, modified or amended, as to which the time to appeal or to seek certiorari, review or rehearing has expired or been effectively waived, as to which no appeal or petition for certiorari, review or rehearing is pending, and that has become conclusive on all matters adjudicated thereby and is in full force and effect.

Alternatively, where appropriate, "Final Order" means a

settlement between the parties to a given matter, except that if a court order is necessary for approval of that settlement, then that order must be a Final Order as defined above.

"Petition Date" means the date on which Debtor's petition commencing this case was filed, that is, May 20, 2009.

"Conversion Date" means the date the Chapter 13 case was converted to Chapter 11, that is, February 16, 2010.

'Order of Relief' means the petition date.

"Post-Petition" means after the date of filing Debtor's petition.

"Pre-Petition" means prior to the date of filing Debtor's petition.

**B.   DIVISION INTO CLASSES**

1.  **Secured Claims, Sub-Classes 1A-1C.**  This is the class of creditors who have liens against collateral.  A claim under this class is allegedly secured by collateral belonging to the debtor.  The claim is secured to the extent that the value of the collateral is sufficient to cover the claim.  The only known creditors in this class are the parties who are listed as follows:

1A.  Class 1A)  This class is comprised of the lien and claim of Bank of America, the successor to EMC Mortgage, who has a recorded first deed of trust against the real property of the debtor commonly known as 1535 Henderson Court, Tracy, California  This claim is in the amount of $578,878.  This class is impaired.

1B.  Class 1B)  This class is comprised of the claim of Nelson Melendez who holds title to the real property at 1079 Sausalito Way, Tracy, California on the debtor's behalf.  This claim is in the amount of $580,000.  This class is not impaired.

1C.  Class 1C)  This class is comprised of the secured lien and claim of GMAC who has a lien against the debtor's 2004 Cadillac CTS This claim is in the amount of $10,000.  This class is impaired.

**Class 2.**  All general unsecured claims and deficiency claims not otherwise classified above are included in this class.

Claims eligible for inclusion in Class 2 would include, but is not limited to, (a) unsecured creditors of Debtor, (b) unsecured claims under any leases or executory contracts that Debtor rejects (including any commercial leases that have been or will be rejected), or (c) the "deficiency" claims of any other creditors in Classes 1A - 1G (ie. the claims of such creditors to the extent that the claim exceeds the value of the collateral), (d) any liens or claims against collateral that

have been deemed avoided or deemed unsecured by order of court or by the plan.  Further, the portion of any secured claim which exceeds the value of the alleged security will be treated as an unsecured claim.  This class of creditor will not receive payment on its full claim.  This class is impaired.

Class 2a.  All claims having a gross claim amount of $5,000 or less  or a claim by a creditor who is willing to reduce his, her or its claim to $5,000 or less. This class is impaired.

Class 2b: All unsecured claims that are in excess of $5,000. This class is impaired.

**C. TREATMENT OF CLASSIFIED CLAIMS**

| Creditor | Claim amount and description of claim | Treatment of claim |
|---|---|---|
| Class 1A: Bank of America | This class is comprised of the lien and claim of Bank of America, successor to EMC Mortgage, who has a recorded first deed of trust against the real property of the debtor commonly known as 1535 Henderson Court, Tracy, CA.  This claim is in the amount of $578,878,081 of which only $270,000 is secured. | Debtor will re-amortize the secured loan amount of $270,000 over 360 months at 5% interest per annum.

The monthly payment shall be $1449.42.

Payment will commence 20 days after the effective date of the plan.  Bank of America will retain its first deed of trust until the secured debt is paid in full.  Upon completion of the payments under this plan, the debtor will be entitled to an order expunging or voiding the lien.  Except as otherwise modified by this plan, the terms of the note and deed of trust will remain the same.  This claim is impaired. |

| | | |
|---|---|---|
| Class 1B: Nelson Melendez | This class is comprised of claim of Nelson Melendez who holds the title to the residence of the debtor at 1079 Sausalito Way, Tracy, CA, The loan against the property is in the amount of $580,000. | The debtor will continue to make the monthly mortgage payment of $2200 for four and half years from the effective date of the plan and, thereafter, the debtor will pay the monthly payment as determined by HSBC Bank, the lienholder on the real property, and Nelson Melendez, as per their contractual agreement until the loan has been paid in full. Upon completion of the payments under this plan, the debtor will be entitled to an order conveying title from Mr. Menlendez to her. The terms of the note and deed of trust will remain the same. This claim is not impaired. |
| Class 1C: GMAC | This class is comprised of the claim of GMAC who has a recorded lien against a 2004 Cadillac CTS vehicle belonging to the debtor. This claim is in the amount of $10,000 of which only $3,000 is deemed secured. | Debtor will re-amortize the balance due of $3,000 over 60 months at 4% interest per annum. The monthly payment shall be $55.25. Payment will commence 20 days after the effective date of the plan.<br><br>GMAC will retain its lien until the secured debt is paid in full. Upon completion of the payments under this plan, the debtor will be entitled to an order expunging or removal the lien. Except as otherwise modified by this plan, the terms of the note and deed of trust will remain the same. This claim is impaired. |

| Class 2a: Administrative convenience unsecured claims | This class is comprised of all unsecured claims in the amount of $5000 or less. | All creditors in this class shall receive 5% of their total allowed claim in one lump sum within 20 days of the effective date of the plan. Debtor reserves the right to object to any particular claim as to amount or validity. No interest will accrue on these claims. Any remaining balance will be discharged. The debtor will pay the amount of the filed proofs of claim unless otherwise objected to in which case the amount that is allowed by court order. These claims are impaired. |
|---|---|---|
| Class 2b: All allowed unsecured claims | The balance of any unsecured claims not treated in Class 2a above. $89,271.00 is the amount of unsecured claims listed in debtor's Schedule F of her bankruptcy petition. Approximately, another $315,878 is attributed to the unsecured portion of the secured claims against collateral.<br><br>The total unsecured debts is $405,149. | All creditors in this class shall receive 5% of approximately $405,149 ($20,257) or approximately $337.61 over 60 months. Payment will commence 20 days after the effective date of the plan. The payments will continue until all allowed claims have been paid unless a particular claim has been dismissed, waived or denied by court order. The payments for this class will take approximately 5 years to complete. Debtor reserves the right to object to any particular claim as to amount or validity. No interest will accrue on these claims. Any remaining balance will be discharged. The debtor will pay the amount stated in a proof of claim unless the debtor objects to the claim in which case the debtor will pay the amount as allowed by court order. These claims are impaired. |

D. **TREATMENT OF UNCLASSIFIED CLAIMS**

**Administrative Claims**

1. Administrative Claims that are undisputed and not otherwise barred will be paid in full upon the Effective Date (as required by 11 U.S.C. § 1129(a)(9)(A)) except to the extent that a claim holder agrees to some other treatment.

2.   U. S. Trustee's fees will be paid as they become due. These fees are estimated at $325 per quarter.  Trustee's fees are current.

3.   Debtor's attorney's fees will be paid from the retainer paid by debtor, the cash reserves and income of the debtor upon court approval.

**Priority Claims:**

There are no priority claims against the debtor.  However, should a proof of claim by filed by a claimant, the debtor will pay that amount in full 20 days after the effective date of the plan but in no event will the balance of these claims be paid later than 60 months after the date of the order of relief. Post confirmation interest of 5% per annum will accrue on the unpaid balance of the claims.

**E.   COMMENCEMENT OF PAYMENTS UNDER THE PLAN**

The payments under the plan will commence 20 days after the effective date of the plan unless otherwise provided to the unsecured, administrative or priority claimants.

**F.   CONTEMPLATED PAYMENTS FOR SERVICES, COSTS AND EXPENSES**

No court appointed professionals, including debtor's counsel, shall be paid until their fees are approved by the court.  The only contemplated payment is for the debtor's attorneys fees.

**G.   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts not heretofore assumed or rejected are hereby rejected.  Rejection claims not already barred by bar dates must be filed within 30 days after confirmation.

**H.   APPOINTMENT OF DISBURSING AGENT**

The debtor will act as her own disbursing agent for this plan.

**I.   DISCHARGE**

As debtor is an individual, unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan will not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan;

Alternatively, at any time after the confirmation of the plan, and after notice and a hearing, the court may grant a discharge to the debtor even if she has not completed all payments under the plan if—

(i) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 on such date; and

(ii) modification of the plan under section 1127 is not practicable.

**J.    MISCELLANEOUS**

1.    <u>Duration of Plan.</u>   The debtor's plan will take approximately 360 months from the effective date of the plan to be completed unless, for cause, a longer period is necessary.  However, payments to the unsecured creditors will take only 72 months to complete.

2.    <u>Prepayment;</u>  Debtor shall have the privilege of prepayment in any amount at any time as to any class of creditors (but not disproportionately as to any creditor within any class).

3.    <u>Payment of trustee fee and filing of quarterly reports.</u>

   The debtor will continue to pay the U. S. Trustee the quarterly fees and file her post-confirmation reports until entry of the final decree, dismissal, closure or conversion of its case.

**K.    RETENTION OF JURISDICTION**

   The Bankruptcy Court shall retain jurisdiction after confirmation of the Plan:  (a) to consider (and reconsider if appropriate) claims and objections thereto;  (b) to fix and determine expenses of administration and compensation which were incurred prior to confirmation of this plan;  © to hear and determine any dispute arising under or relating to the Plan or arising under or relating to this Chapter 11 reorganization case;  (d) to enforce all discharge provisions of the Plan; and (g) to make such orders and directions pursuant to 11 U.S.C. §§ 1127 and 1142 as may be necessary or appropriate.

   Please read the Debtor's Disclosure Statement for additional information regarding this plan.

Dated: September 3, 2010                    /s/ Lewis Phon

                                            _____
                                            Lewis Phon, Attorney for
                                            Debtor, Cecilia Mendez
Dated: September 3, 2010

                                             /s/ Cecilia Mendez
                                            _____
                                            Debtor, Cecilia Mendez

K:\data55\cecilia mendez\amended plan of reorganization

Debtor's Chapter 11 Plan                    -8-