

FILED
September 14, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002925005

S. R. Mitchell (SBN 172664)
Attorney at Law
The Making a New Reality, Inc
1300 Clay Street Suite 600
Oakland, CA 94612
510.836.2097 (ph)/510.380.6531 (fax)
raye@ichope2.com
Attorney for Boyd Real Property LLC and Inyoung Boyd

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**CECILIA MENDEZ**<br><br>Debtor(s), | **Civil Case No.: 09-30142**<br><br>Chapter 11<br><br>D.C. No. PD-1<br><br>OBJECTIONS TO DISCLOSURE STATEMENTAND CONFIRMATION OF CHAPTER 11 PLAN<br><br>Hearing on Debtor's Amended Disclosure Statement and Plan<br><br>Date:    September 29, 2010<br>Time:    1:00 p.m.<br>Judge:    Hon. Robert S. Bardwell<br><br>Ctrm:    34 |

Boyd Real Property LLC, a California limited liability company, and Inyoung Boyd, an individual (hereinafter "Interested Party"), potential creditors of the above-entitled Debtor in the above-referenced matter by and through its attorney, hereby object to the Chapter 11 Plan filed by Debtor in the above-referenced matter.  In brief, the basis for the objection is that the Plan is not feasible and that the Disclosure Statement fails to disclose material facts concerning Debtor's

income, assets, insider transactions with Mario Juarez,(business partner and father of her child),

Debtor's former or current corporate officer position with Fireside California Group, Inc, her

employment engagement with "The Mario Juarez Selling Team" preference transfers and

payments to Mario Juarez, a creditor and person Debtor alleges is her employee at Terracotta

LLC, and Debtor's failure to disclose anticipated litigation in which she will be named a

defendant.  The specific basis for the objection is stated below:


## I.     STATEMENT OF FACTS

1.     On or about December 23, 2004, the real property owner Mason Au ("Property Owner")

of commercial office space located at 4030A International Blvd, Oakland, CA ("Premises")

executed a three (3) year written lease agreement ("Original Lease") between Property Owner

and Fireside California Group, Inc, a California corporation ("Fireside").  **Cecilia Mendez, aka**

**Cecilia Mendez-Olmos executed the agreement in her capacity as Officer and President of**

**Fireside California Group, Inc**.  Debtor does not appear to disclose this officer position in her

Schedule of Financial Affairs or thereafter. At all times relevant, Mario Juarez, the father of

Cecilia Mendez's minor child was the CEO of Fireside California Group, Inc.  Mario Juarez also

holds himself out as owner of the enterprise known as "The Mario Juarez Selling Team"

www.mariojuarez.com.  Debtor alleges in her business cards that she is the Office Manager for

The Mario Juarez Selling Team.

2.     In Dec 2004, Cecilia Mendez aka Cecilia Mendez-Olmos executed a Personal Guaranty

of Lease on or about the same date as execution of the Original Lease ("Guaranty"). While the

Original Lease included a Schedule and Option to Extend the Lease to at least October 2019, no

such options were exercised and the Original Lease and the Guaranty both expired on February

---

28, 2008. No written lease agreement formed thereafter, and Debtor did not execute any written guaranty of any lease going forward.

3.      In and about February 2008, Boyd Real Property LLC ("BRP") purchased the Premises and became the successor in interest and Property Owner.  At the time of the transfer of ownership interest, BRP entered into an oral agreement with Fireside California Group, Inc, by and through its CEO Mario Juarez, Mario Juarez, an individual and "The Mario Juarez Selling Team" ("The New Tenants"). The terms of the agreement mirrored the Original Lease.

4.      BRP never entered into any lease agreements with Cecilia Mendez or Cecilia Mendez Olmos.  At all times relevant, and including current, Cecilia Mendez represented that she was an employee and agent of The Mario Juarez Selling Team.  Since at least February 2008, Cecilia Mendez holds herself out as the "Operations Manager" of The Mario Juarez Selling Team and presents such on a business card and website.  Debtor does not appear to disclose this employment in her Plan and or Disclosure Statement.  Debtor currently holds herself out as staff of The Mario Juarez Selling Company.

5.      On or about June 26, 2009, Debtor tendered 29 pages of Schedules and Statement of Financial Affairs signed under penalty of perjury.  Under Section 1-Income from employment or operation of business, Debtor marks none and reference to attachment 1.  Debtor does not include any income received in the two years proceeding from the operation of Fireside California Group, Inc or her position as President.  Mario Juarez, alleges that he gave or sold all of his ownership interest to Debtor Cecilia Mendez at some point in 2009. (Alameda County Superior Court Case No. RG10500488, Deposition of Mario Juarez, June 23, 2010).  No such assets are listed on any Debtor schedule.

6.      On June 26, 2009, Debtor submitted Schedule G-Executory Contracts and Unexpired Leases.  Debtor stated, "non-residential property lease at 4030A International Blvd, Oakland,

CA; commenced in 2004 and ends in Oct 2019. Debtor is the guarantor of the lease. Terracota

LLC is the tenant." That statement is not true and accurate. The written lease expired February

2008. There was no written renewal extending the lease to Oct 2019. Cecilia Mendez-aka

Cecilia Mendez Olmos did not execute a new guaranty for any new lease and Terracota LLC is

not the tenant. Terracota LLC was only formed in January 2009 and the prior lease expired

February 2008. The representation is misleading.

7.      BRP entered into an oral agreement for month-to-month rental of commercial property

with Mario Juarez, an individual, The Mario Juarez Selling Team and Fireside California Group,

Inc. Debtor now intends to allege a lease and reject same as part of the Plan. Boyd Real

Property objects.

8.      Debtor's Disclosure Statement at G-Transactions with Insiders fails to disclose all

transactions with Mario Juarez, the father of her minor child and current and or her current or

former corporate partner at Fireside California Group, Inc, the transfer of assets of same, her role

as "Operations Manager" of The Mario Juarez Selling Team and that Debtor alleges that Mario

Juarez is an employee of Terracotta LLC. Furthermore, Debtor alleges she is 100% owner and

sole member of Terracotta LLC, however Attorney for Debtor, Lewis Phon, represented to Boyd

Real Property's counsel that Mario Juarez is or was a member of Terracotta LLC. It is not clear

from the Disclosure Statements the nature of the transaction and transfer of ownership interest in

Terracotta LLC to Cecilia Mendez and none is disclosed.

        Next, Debtor states that Terracotta LLC performs office management duties for American

First Financial Corp and states Debtor has no interest in American First Financial, however, the

business card of Cecilia Mendez as Operations Manager of The Mario Juarez Selling Team

utilizes a California Department of Real Estate License Number 01827986, which is registered to

American First Financial Corp. The use of the DRE registration license suggests Debtor has some interest in American First Financial Corp.

9.      Debtor's Disclosure Statement at J- Past, Current and Anticipated Litigation states, "during the pendency of this bankruptcy, the debtor was sued by the landlord of the premises where Terracota and she worked for back rent.  The landlord eventually dismissed this case.  However, there is the possibility that the landlord may attempt to sue the debtor for termination of tenancy." This statement is a misleading and not accurate.  Debtor and her counsel have actual knowledge of a case pending in **Boyd Real Property vs. Mario Juarez, et al, The Unites States District Court, Northern District, C10-03142 THE** seeking to name Debtor personally and her alleged entity Terracotta LLC as defendants.  A Motion for Relief from Stay is forth coming.  Debtor and her counsel are aware of the litigation as Debtor's counsel Lewis Phon filed a Declaration in the matter on behalf of Debtor.  Debtor and her counsel allege that Debtor and Terracotta LLC are the only tenants of the property in dispute.  Debtor presents copies of cancelled checks alleging to be evidence of an agreement to rent to Debtor and her entity Terracotta LLC.  However, the checks are not signed by the Plaintiff Boyd Real Property LLC and not signed with any authorization by Boyd Real Property LLC to enter an agreements with Debtor and her entity, thus the checks are forgeries and misrepresentations.  Furthermore, the Complaint extends well beyond an action to terminate tenancy.  The Complaint, which seeks both monetary damages in excess of $ 100k and injunctive relief alleges and will name Debtor and her entity upon proper relief from the court: **1. Trespass, 2. Ejection from Private Property, 3.  Fraud and Deceit, 4.  Conversion (Theft & Embezzlement), 5. Fraudulent Transfer (Cal. Civ 3439), 6. Unlawful Business Practices (Business & Professions § 17200), 7. Intentional & Negligent Interference Prospective Advantage, 8. Interference with Right to Pursue Lawful Business**.

In addition, American First Financial Corp. (Debtor alleges that American First Financial Corp engages Debtor's company Terracotta LLC to perform office management duties.

Terracotta LLC then in turn pays Debtor.) The litigation may have adverse impact on Debtor directly and indirectly by disruption of the relationship with the prime supplier of her employer Terracota LLC. Further, American First Financial Corp and Mario Juarez are named defendants in the matter. Debtor alleges in her Disclosure Statement that she relies on $ 1150 in child support form Mario Juarez as part of her income projections. The income and ability of Mario Juarez to pay may be impaired by this litigation making the feasibility of child support payments to Debtor less likely. Debtor failed to disclose this in her Disclosure Statement.

10.      Debtor's disclosure Statement at N-Executory Contracts and Unexpired Lease. Debtor alleges that her company Terracotta LLC is a party to a lease agreement with Boyd Real Property that terminates in October 2019. Debtor alleges that she is the guaranty of said lease. There is no such lease. Furthermore, despite the fact that Terracotta LLC is not itself in bankruptcy proceedings, Debtor appears to and or attempts to reject the alleged commercial lease agreement as to the commercial property at 4030A International Blvd Oakland in these proceedings. Debtor does not identify any other leases or contracts, including employment contracts as to Terracotta LLC and thus the disclosure is misleading and incomplete.

11.      Debtor's Disclosure Statement at O-Preference Transfers states, "debtor is not aware of any preference transfers having been made." Debtor alleges or alleged that Mario Juarez is or was a creditor in her disclosures. Mario Juarez is also the father of her minor child. Debtor alleges that Mario Juarez is also an employee of Terracotta LLC. Mr. Juarez alleges that he receives payments in the form of wages subject to withholdings from Terracotta LLC. The payments to Mario Juarez, also a creditor, may constitute preference transfers not disclosed. Next, Mr. Juarez states under penalty of perjury that in 2009 he effectively transferred all of his stock interest and the assets of Fireside California Group, Inc to Cecilia Mendez. This is not disclosed.

## II.     ARGUMENT

**A.     THE DEBTOR'S DISCLOSURE STATEMENT IS INCOMPLETE AND MISLEADING AND NOT PROPOSED IN GOOD FAITH.**

Title 11 U.S.C. § 1129(a)(3) requires a Chapter 11 Plan to be proposed in good faith and no by means forbidden by law.  The law prohibits misleading and false statements of fact under declarations under penalty of perjury.  Debtor's disclosures are incomplete and or inaccurate and thus not offered in good faith.  Good faith requires that a Plan achieve a result consistent with the objectives and purposes of the code and the fundamental fairness in dealing with one's creditors. In re Stolrow's Inc., 84 B.R. 167, 172 (9thCir B.A.P. 1988); In re Joregensen, 66 B.R. 104, 109 (9th Cir B.A.P. 1986).  In this case, Debtor simply failed to fully disclose and accurately represent her relationship to insider and creditor, Mario Juarez, failed to disclose her corporate office position and holdings in Fireside California Group, Inc., failed to disclose that she holds herself out as an employee of "The Mario Juarez Selling Team," fails to disclose that her alleged company employs Mario Juarez, fails to disclose the true nature of pending and anticipated litigation that may materially impact her income and earning capacity.

The above disclosure and accuracy of reporting of financial condition directly relates to fairness and an assessment of whether the Plan provides an adequate means for its implementation.  Title 11 U.S.C. § 1123(a) states that a Plan shall provide adequate means for its implementation.  The absence of an adequate means of implementation demonstrates a lack of good faith under Section 1129(a)(3), thereby precluding confirmation of a Chapter 11 Plan. In re Walker 165 B.R. 994 (E.D. Va 1994).

A Chapter 11 Plan must also provide adequate means for its implementation.  In this case, Debtor fails to disclose all apparent assets, liabilities and potential litigation and related expense that may put future income at risk.  Debtor fails to provide any details of the inside

dealings with Mario Juarez. Debtor discloses income from Terracotta LLC, but it is impossible to determine from the Disclosure Statement if Debtor's income and assets are overstated (to give the appearance of feasibility) or understated to conceal non-exempt assets, income and revenue that may be available to satisfy creditors.

In the case of Interested Party, Boyd Real Property LLC and Inyoung Boyd, Debtor alleges a written commercial lease agreement exists as to Terracotta LLC and that such lease is subject to rejection pursuant to the Plan. In such a situation, Boyd Real Property's right to recover may be unjustly impaired. Boyd Real Property denies any creditor relationship with Cecilia Mendez and Terracotta LLC. Boyd Real Property contends in its Complaint filed in the USDC Case No C 10-03142, that the assets of the true creditor Mario Juarez, The Mario Juarez Selling Team and Fireside California Group were transferred to Cecilia Mendez and she received them for the purposes of evading creditors of the non-bankruptcy debtors.

**B.      THE DEBTOR HAS FAILED TO DEMONSTRATE THAT THE CHAPTER 11 PLAN IS FEASIBLE.**

Pursuant to 11 U.S.C. § 1129(a)(11), the court is required to find that the plan is feasible. The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts." In re Pizza of Hawaii, Inc, 761 F.2d 1374, 1377 (9th Cir. 1985).

In determining whether a plan is "feasible," the Court may consider the following factors:

"the prospective earnings of the business or its earning power; the soundness and adequacy of the capital structure and working capital for the business which the debtor will engage in post-confirmation; the prospective availability of credit; whether the debtor will have the ability to meet its requirements for capital expenditures; economic and market conditions; the ability of management, and the likelihood that the same management will continue; and any other related factors which would materially reflect on the company's ability to operate successfully and implement its plan."

In re Texaco, Inc, 84 B.R. 893, 910 (Bankr. S.D. N.Y. 1988) to establish feasibility, the plan proponent must demonstrate concrete evidence of a sufficient cash flow to fund and maintain

both its operation and obligation under the plan. <u>S&P, Inc. vs. Pfeifer</u>, 189 B.R. 173, 183 (Bankr. N.D.).

In this case, the Debtor fails to demonstrate that the Plan is feasible. Debtor reports her source of income as a salary from her own company, child support and projected rental income. Debtor provides no supporting documentations concerning the business operation Terracotta LLC that would enable a determination of the ability of her company to continue to pay her an alleged salary. As an example, if Debtor's allegations of tenancy are true and that she contends that Terracotta LLC is the true tenant at 4030A International Blvd, Debtor fails to disclose that neither Debtor nor Terracotta LLC have paid any rent on the property and that the amount of post-petition rental arrears is over $ 80,000.00, of which approximately $ 40,000 represents unpaid rent since January 2010 as there have been no rental payments of any nature. Thus, if the only means upon which Debtor's company can function and pay her a salary is by defaulting other creditors, the company is insolvent and Debtor's salary projections are not practical as her business is under capitalized and not likely to sustain itself.

Further, as discussed above, Debtor reports that the source of the child support income upon which she relies in her Plan is from Mario Juarez, the father of her minor child. Debtor alleges that Juarez is also an employee of Terracotta LLC. Thus, if Terracotta LLC fails, Debtor will lose her income, Mario Juarez will lose his source of income and the probability of child support payments to Debtor will diminish to near zero. Disclosures concerning Debtor's business operations and insider transactions with Mario Juarez are essential to a determination of plan feasibility and efforts to reject the commercial lease in these proceedings. Debtor makes no such disclosures and as such, Debtor fails to demonstrate that the Plan is feasible. The Plan is vague, misleading, incomplete, and fails to produce concrete evidence of the source and sufficiency of the cash flow from her business to fund and maintain Debtor's obligations therein.

## CONCLUSION

The Debtor's Plan does not provide for adequate means of implementation, is not proposed in good faith, is misleading, and is not feasible. Moreover, the Debtor has failed to disclose concrete evidence of her business operations and to show sufficient source of income to fund the Plan to indicate a reasonable likelihood of reorganization, and cannot affect a viable plan of reorganization.

WHEREFORE, Interested Party respectfully requests:

1.      That confirmation of the Debtor's chapter 11 Plan be denied;

2.      That Debtor be ordered to file and submit a Second Amended Plan and Disclosure Statement with full and accurate disclosures; and

3.      For such other and further relief as this court deems just and proper.

Dated:      September 14, 2010

                              By:   /s/ S. Raye Mitchell
                              Attorneys for Boyd Real Property LLC and
                              Inyoung Boyd

10