

S. R. Mitchell (SBN 172664)
Attorney at Law
The Making a New Reality, Inc
1300 Clay Street Suite 600
Oakland, CA 94612
510.836.2097 (ph)/510.380.6531 (fax)
raye@ichope2.com
Attorney for Boyd Real Property LLC and Inyoung Boyd

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| In re | |
|---|---|
| CECILIA MENDEZ | Civil Case No.: 09-30142 |
| Debetor(s), | Chapter 11 |
| | D.C. No. PD-1 |
| | SUPPLEMENTAL OBJECTIONS TO DISCLOSURE STATEMENT AND CONFIRMATION OF CHAPTER 11 PLAN AND DECLARATION OF SUPPORTING EVIDENCE |
| | Hearing on Debtor's Amended Disclosure Statement and Plan |
| | Date: September 29, 2010<br>Time: 1:00 p.m.<br>Judge: Hon. Robert S. Bardwell |
| | Ctrm: 34 |

Put simply, Boyd Real Property LLC, a California limited liability company, and

Inyoung Boyd, an individual (hereinafter "Interested Party") is the target and victim of fraud by

Cecilia Mendez and Mario Juarez. Debtor Cecilia Mendez is using her bankruptcy status as a sword and a shield to effectuate the fraud on Boyd Real Property and possibly this Court.

Debtor filed a lengthy opposition to Boyd Real Property's objections and decried that the allegations lacked factual foundation. Boyd Real Property denies that it has entered into any contracts or agreements with Cecilia Mendez and or her alleged company Terracotta LLC, but produces the documentary evidence supporting its objections herein.

Boyd Real Property filed its objections to prevent a miscarriage of justice as its efforts to regain possession of its property have been frustrated by Cecilia Mendes and her legal counsel interjecting (without filing any proper notices to any court) and making false statements concerning the tenancy at 4030A International Blvd. **It is undisputed that no party, Cecilia Mendez, Mario Juarez, Fireside California Group, or Terracotta LLC have paid any rent since January 2010 and the amount of rent and other charges is approaching and or exceeded $ 100,000.00.** To the extent that the Debtor relies on her income from Terracotta LLC, it is material to this Court to know that the employer/company she owns is insolvent and or likely to declare itself insolvent to evade the alleged debt that it is trying to discharge, reject or otherwise neutralize.

## I.　　STATEMENT OF FACTS AND SUPPORTING EVIDENCE

**Debtor's False Statement of Existing and Unexpired Executory Lease.**

1. On June 26, 2009, Debtor submitted Schedule G-Executory Contracts and Unexpired Leases. Debtor stated, "non-residential property lease at 4030A International Blvd, Oakland, CA; commenced in 2004 and ends in Oct 2019. Debtor is the guarantor of the lease. Terracota LLC is the tenant." **See Declaration of Declaration of Raye Mitchell, Exhibit A**, true and correct copy of a Schedule G filed by debtor Cecilia Mendez. Debtor now alleges and confirms

that the lease document expired on its own terms February 2008.  Debtor provides no notice or explanation to this Court for its Schedule G filing stating that a lease is enforce until October 2019. Terracotta LLC was never the tenant of such lease.

**Debtor's Statements that She was the President of Fireside California Group.**
**Mario Juarez, CEO of Fireside California Group, Inc Testified under Oath that Cecilia Mendez was a Shareholder and President of Fireside California Group.**

2.     Debtor signed the lease agreement and so indicated that she is the President of Fireside California Group, Inc.  Debtor authenticated her signature to said lease agreement by Declaration of Cecilia Mendez filed in the matter of Boyd Real Property LLC vs. Fireside California Group, Alameda County Case No. RG1050088 on June 25, 2010.  Debtor did not renounce her signature as President of Fireside California Group. **See Declaration of Raye Mitchell, Exhibit B-** Declaration of Cecilia Mendez, § 1-7 and Exhibit I therein.

3.     On June 22, 2010, Mario Juarez testified under oath and penalty of perjury at his deposition in the above matter that Cecilia Mendez that Cecilia Mendez was a shareholder and officer of Fireside California Group, Inc. Mario Juarez never testified about an alleged Fruitvale One, Inc and so such company has been found registered with the California Secretary of State. **See Declaration of Raye Mitchell, Exhibit C** therein.

**Debtor's False Statements that she is Not the Operations Manager of The Mario Juarez Selling Team or that She has Not Held Herself Out as the Manager.**

4.     All communications form Debtor to Boyd Real Property bear the signature, Cecilia Mendez, Manager or Operations Manager, Mario Juarez Selling Team.  Debtor is or was identified as the Manager under staff of the Mario Juarez Selling Team/company at the website www.mariojuarez.com.  **See Declaration of Raye Mitchell. Exhibit D.** Copies of business cards, website printouts and emails of Cecilia Mendez.

**Debtor Uses the Department of Real Estate License # of Relationship with American First Financial**

5.  Debtor does not deny that she uses the real estate license of American First Financial and does not provide any disclosure information as to how and why. This matter is relevant as to any undisclosed income and any undisclosed inside relationships or transactions.

**Debtor Misrepresentations concerning the State Court Actions and Unlawful Detainer Actions are to Distract form Inquiry as to Her Actions.**

6.  The issues before this Court are adequate disclosure of material facts impacting the ability of the Debtor to execute her proposed plan of reorganization and fraud on this Court. Boyd Real Property brings forth facts that suggest that Debtor cannot execute the plan, has committed a material fraud on this Court and cannot execute the plan because it either conceals income or fails to disclose threats to her present or near future income.

7.  Debtor misrepresents the facts of the State Court Action to evict the tenants. Boyd real Property has a Judgment for Restitution of Premises that has not been set aside. There is no valid Court order establishing Cecilia Mendez or other company Terracotta LLC as tenants. A finding of tenancy for Terracotta LLC as a tenant cannot enter after the judgment has been rendered. Debtor attempts to distract this Court from inquiry into her misrepresentations by focus on a State Court order that vacated the initial writ of possession based on clerical error. Similarly, the second writ of possession was recalled based on clerical error. **See Declaration of Raye Mitchell Exhibit E.**

**Debtor and Her Legal Counsel Failure to Disclose Anticipated Litigation involving Debtor and Terracotta LLC.**

8.  Debtor and her counsel have actual knowledge of a case pending in **Boyd Real Property vs. Mario Juarez, et al, The Unites States District Court, Northern District, C10-03142**

**THE** seeking to name Debtor personally and her alleged entity Terracotta LLC as defendants. Debtor's counsel filed a declaration in that matter. See Declaration of Raye Mitchell Exhibit F for a true and complete copy of the Declaration of Lewis Phon and a copy of the actual complaint. Debtor does not explain the failure to disclose. The complaint clearly alleges that Cecilia Mendez will be named as a defendant and the causes of action extend beyond trespass and ejectment.

In her response, Debtor attempts to argue for Mr. Juarez, that the case will be dismissed and he will win sanctions, etc. The focus of this objection is failure to disclose and the inter-related nature of the pending litigation and Debtor's future income stream. She fails to address the impact of a $ 100,000 material litigation concerning her company, the primary source of the majority of her income actually disclosed in her Disclosure Statement. How can the Court or other creditors fairly evaluate risks to the stability of her income and her company with out actual disclosure of the pending and anticipated litigation?

**Debtors Conflicting Statements Under Oath-Debtor Claims She is The Primary Tenant and Then She Claims that She is Not and it is Her Company Terracotta LLC.**

9.　　Debtor's Reply to the Objection to Plan and her Supporting Declaration contradict her statements under oath. Debtor now claims that the lease referenced in her Schedule G expired in 2008. Yet, in June of 2009, she represented that the lease expired in 2019. Next, in her Declaration under oath on June 23, 2010, she stated that "I am the primary tenant of the property in the above complaint.' She now alleges that it is Terracotta LLC is the tenant in the subject property. Debtor now alleges that she tendered a check for the rent in January 2010 for Terracotta LLC. In her declaration of June 2010, she alleged that she tendered cash. She said that she received a bill and paid case. The bill she received and paid for was an invoice to Fireside. She paid such for another company, but she says that company is not the tenant.

See Declarations of Mendez June 20, 2010 and September 22, 2010.

10.　　Debtor states the last rent paid on the property was January 2010. Debtor fails to disclose to the court that no rent has been paid and that the current rent and fees is in arrears at least **$100,000.00** or so.

**Boyd Real Property is Objecting to Efforts by Debtor Mendez to Drag Boyd Real Property and its Efforts to Recover its Real Property into her Personal Bankruptcy Proceeding.**

Boyd Real Property does not claim a landlord tenant relationship with Mendez or Terracotta LLC. Boyd Real Property does contend that Mendez individually and through her company and Mario Juarez have committed fraud and have committed fraud on this Court.

## II.　　REPLY ARGUMENT

A.　　**THE DEBTOR'S DISCLOSURE STATEMENT IS INCOMPLETE AND MISLEADING AND NOT PROPOSED IN GOOD FAITH AND SHOULD BE SUBJECT TO RULE 11 SANCTIONS AND INQUIRY FOR OTHER MISREPRESENTATIONS.**

Debtor has used her bankruptcy proceedings at both a sword and a shield. Debtor does not deny that she has interjected herself into eviction proceedings with actually filing any proper notices of appearance and the alleged company Terracotta LLC into two State Court proceedings and now a Federal Court Proceeding waiving her bankruptcy status. Now confronted with disclosure requirements to this Court concerning her company Terracotta LLC, its financial stability and Mario Juarez, she claims that there are no disclosure requirements, she has no bankruptcy as to Terracotta LLC, and no relationship to her ability to fund her plan of reorganization. Furthermore, she claims that payments to Juarez are in the ordinary course of business, but for reasons only supporting a fraud theory, she attempts to fool this Court into believing that she has personal liability for an expired lease or that the failure of her company to

pay rent in the about of over $ 100,000.00 is not material to ability to fund or implement her plan.

**B.    DEBTOR'S LEGAL COUNSEL IS IMPLICATED IN CREATING FALSE AND MISLEADING STATEMENTS TO CREDITORS.**

On or about March 2, 2010, Boyd real Property by and through its counsel contacted Lewis Phon and asked Cecilia Mendez and or Terracotta LLC contend that there is a claim of right of possession. Mr. Phon indicated in the negative. Mr. Phon was aware of the litigation and his duty to protect the rights of his clients if they claimed a right of possession. At a minimum, Mr. Phon was required to file a notice with the Alameda Superior to stay any proceeding as to its clients. He did not. Furthermore, the matter of tenancy of 4030A International Blvd has been reduced to a Judgment for Restitution of Premises and no application to vacate the judgment has been filed by Cecilia Mendez and Terracotta LLC. **See Declaration of Raye Mitchell Exhibit F** for copies of correspondence to Mr. Phon.

**C.    IT IS CLEAR THAT TERRACOTTA LLC IS AT THE HEAR OF DEBTOR'S BANKRUPTCY ACTION: DEBTOR PROVIDES INCOMPLETE AND INACCURATE DISCLOSURES ABOUT CONTRACTS AND DEBTS THEREIN.**

Boyd Real Property has been drawn into a web of financial transactions and interrelated transactions between Cecilia Mendez and Mario Juarez to evade a $ 100,000.00 debt. Debtor alleges in her reply that "[n]evertheless, whether Terracotta remains at the premises is not critical to the debtor's plan, as Terracotta can always find a new location to work from." She further states that "debtor is not depending on Terracotta's continued tenancy at Boyd's building to earn a living." Debtor again fails to disclose that her company alleges it is a tenant and if believed, is facing a claim for almost $ 100,000.00 in rental fees and other charges.

7                                  1300 Clay Street Suite 600 Oakland, CA 94612

Debtor alleges three primary sources of income to fund her plan: Rental income of $ 2700, ($ 1000.00) is from her sister. On information and belief, this is the same sister, **Jimena Olmos**, that is also employed or represents that **she is employed by Terracotta LLC** or The Mario Juarez Selling Team. Mario Juarez, the payer of the child support is an alleged Terracotta LLC employee and so is the Debtor. Terracotta LLC, if it had any such claims, waived such, and has lost any legal claims to tenancy of 4030A International Blvd. A Judgment for Restitution of Premises has issued and is final. Terracotta LLC has raised no jurisdictional challenges in Alameda Superior Court, or this Court for that matter to the Judgment and as such is res judicata as to the issue of tenancy. See Declaration of Mitchell Exhibit B, true and correct copies of business cards for Mario Juarez, Cecilia Mendez and Jimena Olmos.

## CONCLUSION

Boyd Real Property has no debtor relationship with Cecilia Mendez directly or indirectly through her company, Terracotta LLC. Boyd Real Property is drawn into this action to prevent a miscarriage of justice as Cecilia Mendez attempts to bury the alleged lease in these proceedings and reject or prevent the property owner from recovery of its property and the $ 100,000.00 in back rent, fees and other expenses.

Now caught in her web of misrepresentations, omissions and material false statements under oath, Debtor attempts to backpedal. Debtor alleges that her transactions with Mario Juarez are in the ordinary course of business and that Terracotta LLC is not in bankruptcy, yet Debtor and her counsel have interjected Terracotta LLC into every civil action concerning Mario Juarez and the real property at 4030A International Blvd. Debtor contends that Mario Juarez is an employee. His actions therefore give rise to employer liability, which would materially impact the ability of Terracotta LLC to remain in business, which has a material impact on Debtor's sole source of disclosed income -- Terracotta LLC. Now, confronted with the implications of

Terracotta LLC to her ability to fund her plan, the Debtor claims that her alleged relationship with Boyd Real Property has no impact on her a ability to fund her plan. How can the Court or other creditors make such determinations when the Debor is filing false statements under oath, concealing material information and submitting inadequate and misleading disclosure statements? Debtor comes to this court of equity with unclean hands. Boyd Real Property merely provides this Court with evidence upon which to make further determinations of Rule 11 violations or other irregularities.

Dated:　　September 27, 2010

　　　　　　　　　　　　　　　　　　　　By:　/s/ S. Raye Mitchell
　　　　　　　　　　　　　　　　　　　　Attorneys for Boyd Real Property LLC and
　　　　　　　　　　　　　　　　　　　　Inyoung Boyd