Filed 09/27/10        Case 09-30142        Doc 199

FILED
September 27, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002955508

Law Offices of Erika Jordening
Erika Jordening, Esq.
1376 De Solo Drive
Pacifica, CA 94044
415-706-2930
ejordening@gmail.com

Attorney for Debtor,
The Mario Juarez Selling Team,
Mario Juarez, Fireside California Group,
The Neal Juarez, LLC,

# United States District Court

## Northern District of California

San Francisco Division

| | |
|---|---|
| Boyd Real Property, LLC., | Case No.: C 10-03142 EMC |
| Plaintiff, | Declaration of Lewis Phon in support of Motion to Dismiss For Lack of Subject Matter Jurisdiction |
| vs. | |
| The Mario Juarez Selling Team, et al., | Date: September 15, 2010 |
| Defendants | Time: 10:30 am |
| | Place: Courtroom C |

### Declaration

I, Lewis Phon, declare:

1. I am the attorney of record for Cecilia Mendez, a debtor in possession under Chapter 11 bankruptcy proceedings in the Eastern District of California Bankruptcy Court.

2. Terracota LLC was formed by Cecilia Mendez on or about January 2009 after the prior tenant's lease had expired.

Declaration of Lewis Phon-Lack of Diversity - 1

3. Terracota and the plaintiff had negotiated a new oral agreement for Terracota to continue to stay at the premises. I understand that the negotiated rent was $2500 per month plus common area charges.

4. Boyd Real Property accepted rent from Terracota from that time until January 31, 2010.

5. On or about November 2009, Plaintiff served Terracota, LLC and the sole shareholder/member, Cecilia Mendez, as well as other parties who were non-tenants with a 30 days notice to vacate.

6. Immediately thereafter, I advised Plaintiff's counsel that Ms. Mendez was in bankruptcy and that she should not be named in any eviction proceedings without the prior approval of the bankruptcy court.

7. In the interest of resolving the eviction action, pending the expiration of this notice, Terracota offered to continue to rent the premises until May 31, 2010 for $3500 a month.

8. Prior to this time, Terracota was paying $2500 per month plus common area charges of $700 per month.

9. A check was tendered to Plaintiff in the amount of $3500.00 for January 2010. The Plaintiff rejected this offer but still cashed the check and refused to return it.

10. On or about January 2010, plaintiff served a three days notice to pay rent or quit on Terracota, Cecilia Mendez, Mario Juarez and numerous other parties, and, thereafter, filed an unlawful detainer complaint.

11. As bankruptcy counsel for Cecilia Mendez, I filed a demurrer to the complaint.

12. However, unknown to the defendant's or myself, just a few days prior to the hearing date for the demurrer, plaintiff dismissed Ms. Mendez, Terracota and Mr. Juarez from the complaint and sought a default judgment against the other defendants. Plaintiff's counsel had neglected to serve a copy of the dismissal to any of the defendants.

13. Even though Plaintiff knew that there were still other lawful occupants of the property, plaintiff sought a default judgment against the parties who had not been dismissed in order to improperly obtain a writ of possession.

14. When I learned what had occurred, I immediately notified the court which resulted in an order vacating the default judgment and writ.

Declaration of Lewis Phon-Lack of Diversity - 2

15. Instead of going to trial, plaintiff then dismissed that complaint and elected to serve another three day notice on Mario Juarez, The Mario Juarez Selling Team, American First Financial Corporation, Fireside California Group but did not serve Terracota LLC or Cecilia Mendez.

16. The second three day notice followed with another unlawful detainer action at which time my understanding is that Mario Juarez obtained legal counsel to properly defend against this second unlawful detainer suit.

17. Again, the day before the demurrer was heard, the plaintiff dismissed Mario Juarez without proper notice resulting in a lack of decision by the Superior Court as to the demurrer.

18. Plaintiff, again hoping that by dismissing Mr. Juarez left no viable party to contest its actions, the plaintiff sought another default judgment against Fireside California Group who had long ago closed its doors and was not an occupant of the premises.

19. Shortly thereafter, Mr. Juarez obtained his own counsel to defend the matter.

20. At this time I am still Cecilia Mendez' bankruptcy counsel and as of the date of this declaration I am not aware of any relief from stay motion having been filed in her bankruptcy matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, except for those matters alleged on information and belief, as to those matters I believe them to be true. This declaration is executed on this day, August 3, 2010 at Antioch, California.

*[signature]*
Lewis Phon
Attorney for Cecilia Mendez

Declaration of Lewis Phon-Lack of Diversity - 3