**FILED**

September 27, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002955509

S. **R. Mitchell (SBN 172664)**
**Attorney at Law**
**1300 Clay Street Suite 600**
**Oakland, CA 94612**
**510.836.2097 (ph)/510.380.6431 (fax)**
**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Boyd Real Property LLC, a California limited liability company**<br><br>       Plaintiff,<br><br>   vs.<br><br>**The Mario Juarez Selling Team (form of entity unknown); Mario Juarez, an individual; The Neal Juarez LLC**, a California limited liability company; **Verdes Bio Fuel Company** (form of entity unknown):**American First Financial Corp**. a California corporation; **Fireside California Group**, a California corporation; **Francis Mabel Nunez**, an individual; **Erika Jordening**, an individual; **Edwin Ramirez**, an individual; **Jimena Olmos**, an individual; **Jennifer Juarez**, an individual; **Jose Ontiveros**, an individual; **Dario Laza**, an individual, **Fernando "El Carinoso" Martinez**; an individual, **Will Jimenez**, an individual **Adalberto "TITO" Gutierrez**, an individual, **Bernardo Villafuerte**, an individual, **Carmen Acosta**, an individual, **Delia Dorantes**, an individual, **Eleyna Felix**, an individual, **Enedina "Dina" Munguia**, an individual, **Ezequiel Zarate**, an individual, **Frank Coello**, an individual, **Gaberiel Ortiz**, an individual **Irma Reynoso**, an individual, **Jonathan Izazaga**, an individual, **Rosa Valencia**, an individual, **Rosalia Negron**, an individual, **Sonia Dominguez**, an individual, **Stephanie Candevan**, an individual, **Sue Mei**, an individual, **Wilfred Negron**, an individual **Does 1-10.**<br>       Defendants. | Civil Case No.:<br><br>COMPLAINT:<br>1. Trespass<br>2. **Ejection from Private Property**<br>3. **Fraud and Deceit**<br>4. **Conversion (Theft & Embezzlement)**<br>5. **Fraudulent Transfer (Cal. Civ 3439)**<br>6. **Unlawful Business Practices**<br>   **(Business & Professions § 17200)**<br>7. **Intentional & Negligent Interference Prospective Advantage**<br>8. **Interference with Right to Pursue Lawful Business**<br><br><br>**JURY DEMANDED** |

**INTRODUCTION**

This case is a real life nightmare version of the 1990 movie *Pacific Heights*.  In that movie, Michael Keaton portraying a seasoned con artist, who moves in, does not pay rent and then uses the California landlord tenant laws to defraud the property owners.  The film's tagline is: "It seemed like the perfect house. He seemed like the perfect tenant. Until they asked him to leave." Further, as the facts emerged, it is an entire community, mostly Hispanic and undocumented workers that may be targets of the con artists.

In this case, Mario Juarez ("Juarez") and Cecilia Mendez ("Mendez") are the con artists that crafted a plan to defraud the plaintiff Boyd Real Property LLC as commercial property owners and devalue its real property.  In doing so, Juarez and Mendez have defrauded the plaintiff and engaged in unfair and deceptive business practices to gain free rent, free utilities, and gain other financial benefits before moving on to the next target.  In this case, the defendants have refused to move on and continue to defraud the plaintiff.  Juarez and Mendez have a long history, pattern and practice of defrauding creditors by forming undercapitalized entities such as corporations and limited liability companies, incurring debts and then abandoning the entity and/or filing bankruptcy to discharge the debts and deny a recovery to the creditor.  A quick review of the Alameda County Superior Court filing records and case dockets reveals a sustained pattern of Mario Juarez haven been sued in the range of ten (10) to twelve (12) times in the last ten years by business partners and clients, including the city of Oakland all alleging some form of fraud and or defrauding creditors. Cecilia Mendez has been implicated and or named in several of the actions. Upon further investigation, it is discovered that Juarez and or Mendez have formed at least 5 or 6 corporations or limited liability companies and abandoned all or allowed all to lapse into suspension with the California Secretary of State and thus loss of

privileges to conduct business in the state. Juarez himself has deemed himself 'judgment' proof and continues to evade creditors through fraud and deceit.

As to Boyd Real Property LLC, whose members are citizens of Nevada and new to the Oakland Fruitvale business district, Juarez and Mendez perfected the fraud and then attempted to evade payment by transferring or alleging that they transferred all attachable assets into the name of Cecilia Mendez who had filed personal bankruptcy. Both Mendez and Juarez are occupants on the real property located at 4030A International Blvd Oakland, CA ("The Property"); refuse to leave and refuse to pay any rent or for its operating expenses (electricity, water and maintenance) and are damaging the property in an effort to lower the market value of the property.

Mendez and Juarez have further engaged in unlawful, deceptive and unfair business practices as part of their general scheme to defraud creditors. Boyd Real Property is informed and has received complaints that Juarez and Mendez are using the real property as part of a mortgage modification and loan modification fraud scheme plan of charging Hispanic and undocumented Hispanic community member unauthorized and super-competitive and extra-legal loan modification fees, and falsifying information and documentation to obtain mortgage loans and loan modifications. Boyd Real Property LLC brings this complaint to eject all the trespassing occupants from the property, to recover for the fraud, deceit and to seek injunctive relief to put the Juarez and Mendez and its con artist team out of business for good.

Mendez and the entity identified as Terracota LLC are apart of the scheme of fraud, deceit and unlawful business practices but have not been named as defendants pending a Motion for Relief from Automatic Stay to be filed by Plaintiff in the matter of the personal bankruptcy proceedings of Cecilia Mendez.

## PRELIMINARY STATEMENT OF FACTS

1.  This is a case about a dispute and an effort by commercial real property owners to eject trespassers from their property. The plaintiff seeks to regain possession of its real property from persons and occupants who have unlawfully gained control and entry through trick and fraud and have refused to release possession. They continue to occupy the property without paying rent or paying for utilities. Further, they are engaging in unlawful activities on the property and creating a form of environmental health hazard by unlawfully dumping human waste and debris on the property.

2.  Furthermore, this case involves a pattern and practice of fraud and deceit by Mendez and Juarez acting individually and in concert with the intent to defraud creditors. Mendez and Juarez have formed numerous corporate entities to execute shall games to deprive consumers, creditors and federal, state and local tax collection agencies of recourse to recover their loses from unpaid debts. Eleven entities discovered to date link to Juarez and Mendez as their current alter egos, abandoned alter egos or shell companies including: The Mario Juarez Selling Team, Mario Juarez Realtor, American First Financial Corporation, Fireside Realty Company, Fireside California Group, The Judicial Group, The United Judicial Group, Folden Enterprises, Terrocota LLC, The Neal Juarez LLC, and Verdes Bio Fuel Company.

3.  The list of alleged unlawful activities in violation of California Business & Professions Code § 17200 include perjury, suborning perjury, trespass, theft, conversion, embezzlement, fraudulent conveyance, violations of federal laws prohibiting unfair competition, including 15 USC § 45, Federal Bankruptcy Fraud 11 USC § 548, tax evasion, operation of unlicensed businesses, and mail fraud and use of interstate commerce to commit fraud. Defendants are utilizing plaintiff's real property as the hub of the illegal conduct.

4.   Other defendants are named in this action for trespass and ejection as they are on the property of the plaintiff or are using the address and representing that they are located on the property to the general public. None of the parties have authorization to be on the property by the property owners.  All such defendants have refused to leave the property when demanded.

5.   Plaintiff has a Judgment for Possession against Fireside California Group, Inc. and The Mario Juarez Selling Team (form of entity unknown) in the matter of Boyd Real Property vs. Fireside California Group, Inc, et al (Alameda County Superior Court Case No. RG10500488). The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises. All parties occupying the property have refused to release possession and continue to occupy the property despite a judgment conferring restitution to the plaintiff.

6.   The Mario Juarez Selling Team's website (www.mariojuarez.com) as of July 19, 2010 identifies the Mario Juarez Selling Team as a company and represents Mario Juarez to be the "Owner" and identifies twenty-five (25) individuals as staff, including Cecilia Mendez, as Operations Manager and Erika Jordening, as General Counsel.  Cecilia Mendez is not named in this action, however all other persons identified as potential occupants are named in this action.

7.   In addition to utilizing plaintiff's real property without its permission and engaging in unlawful activities on the property, defendants are believed to be unlawfully leasing and renting plaintiff's property for profit to third parties.  Francis Mabel Nunez advertises that she is a Farmers Insurance Agent operating an insurance agency at 4030A International Blvd Oakland, CA 94601.  Plaintiff Boyd Real Property LLC has never authorized Francis Mabel Nunez and/or Farmers Insurance Company to utilize its property for any purpose. American First Financial Corp, a California corporation advertises and lists with the California Department of Real Estate that it has a branch office at 4030 A International Blvd, Oakland CA.  Plaintiff has never given

American First Financial Corp, a California corporation authorization to use its property or to

advertise utilizing its address or granted possession of the property to this company.

## JURISDICTION AND VENUE

8.   This Court has original jurisdiction pursuant to 28 USC §§ 1332(a) as all members of the

limited liability partnership (plaintiff) are citizens of the State of Nevada and all defendants are

all citizens of the State of California.

9.   Venue lies in this District pursuant to 28 USC § 1391(b).

## PARTIES

10. **Plaintiff Boyd Real Property LLC** is a California limited liability company, authorized

to do business in the state of California.  The members of the limited liability company are

Inyoung Boyd and Douglas, both residents and citizens of Nevada.

11. **Defendant Mario Juarez, an individual and licensed realtor** under the California

Department of Real Estate has made numerous representations as to his status and positions he

held and still holds.  He represented that he was CEO of Fireside California Group, a California

corporation.  He identifies himself as Mario Juarez Realtor and is a salesperson of American

First Financial Corp.  He advertises that he is the owner of "The Mario Juarez Selling Team "

company, despite his sworn statements under penalty of perjury that the phrase 'The Mario

Juarez Selling Team" is solely a marketing device of Terracotta LLC. He alleges under penalty

of perjury that he is an employee of Terracotta LLC and is not an office of that limited liability

company.  He represents under oath that he is a W-2 scheduled employee of Terracota LLC.  He

alleges under oath that the name "The Mario Juarez selling Team" is not his fictitious name.

12. **Defendant "The Mario Juarez Selling Team"** (form of business unknown) advertises

in interstate commerce via the Internet that it is a company.  The website,

www.mariorjuarez.com states, "[o]ur company offers a full range of real estate and financial

services including: residential, commercial listings, sales, lending, project development, loan modifications, property investment and management, insurance and tax services. It is this full service approach that has propelled The Mario Juarez Selling Team! to the premier market position in Northern California."

13. **Defendant The Neal Juarez LLC** is a limited liability company whose address on file with the California Secretary of State is 4030 A International Blvd, Oakland, CA 94612.

14. **Defendant Verdes Bio Fuel Company** (form of entity unknown) is alleged by Mario Juarez to be a California corporation or limited liability company of which he is an affiliate member that is located at 4030A International Blvd, CA 94601

15. **Defendant American First Financial Corp**, a California corporation advertises and lists with the California Department of Real Estate that it has a branch office at 4030 A International Blvd, Oakland CA.

16. **Defendant Fireside California Group**, is a California corporation. The agent for service of process is listed as Mario Juarez.

17. **Defendant Francis Mabel Nunez** advertises that she is a Farmers Insurance Agent operating an insurance agency at 4030A International Blvd Oakland, CA 94601. The form of entity is unknown.

18. **Defendant Erika Jordening** is an attorney licensed to practice in the State of California. The website of The Mario Juarez Selling Team identifies Ms. Jordening as the General Counsel. Ms. Jordening has also represented Mario Juarez an individual and represented that she was legal counsel for a former tenant of the Plaintiff that operated a business known as Boshi's Café.

19. **The following Defendants** are all identified as occupants or persons on the premises located at 4030A International Blvd Oakland, CA:

    **Edwin Ramirez**, an individual                  **Jimena Olmos**, an individual;

**Jennifer Juarez**, an individual;
**Jose Ontiveros**, an individual;
**Dario Laza**, an individual,
**Fernando "El Carinoso"Martinez**;
an individual,
**Will Jimenez**, an individual
**Adalberto "TITO" Gutierrez**, an
individual,
**Bernardo Villafuerte**, an individual,
**Carmen Acosta**, an individual,
**Delia Dorantes**, an individual,
**Eleyna Felix**, an individual,

**Enedina "Dina" Munguia**, an
individual,
**Ezequiel Zarate,** an individual,
**Frank Coello**, an individual,
**Gaberiel Ortiz,** an individual
**Irma Reynoso,** an individual,
**Jonathan Izazaga,** an individual,
**Rosa Valencia**, an individual,
**Rosalia Negron**, an individual,
**Sonia Dominguez,** an individual,
**Stephanie Candevan**, an individual,
**Sue Mei**, an individual,
**Wilfred Negron**, an individual

20. Cecilia Mendez and Terracotta LLC are implicated in this action, but have not been named as defendants and no summons or complaint will issue or be served upon them pending an application to the United States Bankruptcy Court Eastern District Court (Case Number 2009-3012-D-11) for Motion for Relief from Automatic Stay based on fraud and post-petition conduct. The debtor is Cecilia Mendez. Ms. Mendez alleges both that Terracotta LLC is not in bankruptcy proceedings, but is still entitled to protection of the automatic stay under her personal bankruptcy proceedings.

## FACTUAL ALLEGATIONS

*Plaintiff's Purchase of 4030 International Blvd, Oakland, CA.*

1. In or about February 2008, Boyd Real Property LLC ("BRP") purchased the commercial real property located at 4030 International Blvd, Oakland, CA ("The Property"), in the heart of the thriving Oakland Hispanic community known as the Fruitvale district. The members of Boyd Real Property LLC are residents and citizens of Las Vegas Nevada and were new to the Oakland Fruitvale district.

2. As part of the purchase of The Property, BRP acquired the existing commercial lease agreement for the part of The Property identified as 4030 A International Blvd ("4030A"). BRP

became the landlord and the existing tenant, Fireside California Group, a California corporation ("Fireside") remained the tenant on a lease that would expire February 2008. There was no written agreement thereafter. Upon expiration of the written agreement, BRP entered into an oral rental agreement with Fireside California Group (through CEO Mario Juarez), Mario Juarez, an individual and The Mario Juarez Selling Team as tenants for 4030A. Plaintiff never entered into any rental agreement with Cecilia Mendez or Terracotta LLC to become tenants (In fact, Terracotta LLC was not formed until January 2, 2009.)

***Boyd Real Property Agreement to Engage Mario Juarez and The Mario Juarez Selling Team as General Contractors for Plaza Del Sol.***

3.    Upon taking possession of The Property, BRP met Mario Juarez. He represented that he was the CEO of Fireside California Group. He also represented that he did general contractor work and could assist BRP with the development, renovation and construction work of a portion of The Property now called "Plaza Del Sol". Mr. Juarez represented that "The Mario Juarez Selling Team" was experienced in construction projects and that his company would function as a general contractor, and oversee other contractors in the construction and renovation of Plaza Del Sol.

4.    Soon after entering the rental agreement and the agreement for Mario Juarez ("Juarez") and The Mario Juarez Selling Team ("The MJ Selling Team") to perform general contractor services for Plaza Del Sol, the rental obligations for 4030A fell delinquent and Fireside, Juarez and The MJ Selling Team entered into an agreement with BRP to allow the tenants to defer (not cancel rental obligations) and pay as they could until their financial situation improved. As consideration for the rent deferment, Juarez and The MJ Selling Team were to complete the construction renovations of Plaza Del Sol, obtain all permits and clearances and obtain a rebate or community improvement incentive from the city of Oakland. In addition, Juarez and The MJ

Selling Team, operating as brokers and agents, were charged with renting space in Plaza Del Sol and immediately depositing said rental collections into the account of BRP.

***Boyd Real Property Terminates Agreement with Mario Juarez and The Mario Juarez Selling Team Upon Discovery of Embezzlement, Lack of California Contractor's License: Tenancy for 4030A Terminated as of December 31, 2009.***

5.   The above agreement remained in place until about the late summer of 2009 and was terminated when BRP discovered that Juarez and The MJ Selling Team were not experienced general contractors, did not have a California contractors license, and had been engaging in embezzlement of the rental incomes collected.  BRP also discovered that Juarez and The MJ Selling Team had stolen and converted some personal property of BRP when BRP had purchased new flat panel monitors for Plaza Del Sol, delivered such to Juarez/The MJ Selling Team for installation, but later discovered that Juarez had substituted lover quality, used products in place of the new, more expensive product purchased by BRP. Juarez/The MJ Selling Team also failed to obtain the final payout of the Oakland City redevelopment incentive payment due BRP. Juarez and The MJ Selling Team also without authorization; embezzled BRP funds and purchased a building sign that read "Plaza del Sol-A Project of The Mario Juarez Selling Team." BRP authorized the placement of a sign that simply read "Plaza del Sol" and never authorized payment for a sign promoting The Mario Juarez Selling Team.

6.   In October 2009, the agreement with Juarez and The MJ Selling Team for general contracting and property management related services was terminated.  The month-to-month tenancy with Fireside California Group, Juarez and The MJ Selling Team was terminated and notice was served in compliance with California Civil Code § 1946 by serving notice via certified mail to all occupants known to be in possession of 4030A.  The notice was sent again in

January 2010. Notice was served on Terracotta LLC because Attorney Lewis Phon alleged that Terracotta LLC claimed to be a tenant in 4030A. He later renounced that claim.

7.   Instead of vacating the real property pursuant to the properly served Notice Terminating Tenancy, none of the occupants vacated the property and then Fireside, Juarez and The MJ Selling Team made a partial rental payment in January 2010 and stated it would leave by March 31, 2010.  BRP did not enter any new agreements and did not authorize any parties to occupy 4030A.  Since February 2010, rent, late fees, common area maintenance charges ("CAM") and other damages caused by Juarez, Fireside, The MJ Selling Team and occupants that are trespassing remain unpaid.

***Boyd Real Property Obtains Judgment for Possession: Juarez Makes False Statements Under Oath and Engages in Fraudulent Conveyance and Bankruptcy Fraud to Evade Credit Obligations to BRP and Eviction from 4030A.***

8.   On February 25, 2010, BRP filed an unlawful detainer action (summary proceeding for possession under California Code Civil Procedure § 1159) against Mario Juarez, an individual, The Mario Juarez Selling Team (form of entity unknown), American First Financial Corp., and Fireside California Group, a California corporation.  Mario Juarez, an individual appeared, but was ultimately dismissed as required by the Code of Civil Procedure on July 2, 2010 after he stated under oath that he did not claim a right of possession to 4030A.  During the course of the litigation, he executed a declaration under oath and provided deposition testimony under oath. However, his statements were general false.  He denied ownership interest in The Mario Juarez Selling Team and denied that it was a company.  He alleged that it was a "marketing device" used by Terracotta LLC.  He made other statements of fact that are contradicted by his prior statements, records of the California Secretary of State, the California Department of Real Estate and the actual advertising and internet website of www.mariojuarez.com.  Furthermore, Juarez

and his legal counsel, Erika Jordening introduced a declaration of Cecilia Mendez that was false and misleading.

***Mario Juarez Initiates Harassment Campaign Against Boyd Real Property; Making False Police Reports; Dumping Trash and Human Waste on BRP's Property, Interfering with Contracts with Other Tenants and Encouraging Non-payment of Rental Contracts.***

9.   After Boyd Real Property terminated Juarez and The MJ Selling Team for embezzlement and terminated the tenancy of all occupants of 4030A International Blvd, Juarez, aided by Mendez began a campaign of harassment against Boyd Real Property.  Juarez and his associates entered upon Plaza Del Sol and encouraged other tenants to stop paying their rent to BRP. Juarez and others from 4030A would then dump piles of trash and human waste in the warehouse area of Plaza Del Sol.  Juarez and associates operated unlawful and unlicensed businesses overnight in the warehouse and storage area of Boyd Real Property.  BRP believes and is informed that Juarez employed and exploited undocumented workers to complete construction and construction related projects on the premises. Juarez and The MJ selling Team have no proof of commercial liability insurance, thus exposing the landlord to liability claims.

10. When BRP made efforts to secure the property and prevent access by Juarez and the other occupants of 4030A as trespassers, Juarez made a false police report to Oakland Police Department alleging BRP had engaged in some unlawful acts.

***After the Judgment and the Incidents of Harassment, Boyd Real Property Posted No Trespass Signs and Specifically Notified Juarez and His Legal Counsel Erika Jordening Not to Come onto the Property and Warehouse Space at 4030 International Blvd and Plaza Del Sol: Both Flaunted the Do Not Trespass Signs.***

11.  Despite notices of termination of tenancy, a judgment for possession, oral and written notice to not trespass, Juarez, his alleged staff, and his legal counsel Erika Jordening entered onto BRP's private property over the objections of the property owner. In one specific incident, on

July 6, 2010, Erika Jordening entered upon the property to harass and threaten BRP's

employee/agent after receiving specific notice to not enter the property.  She also continued to

contact an attorney represented party, Boyd Real Property, its agents and employees, over the

express objections of Boyd Real Property and its legal counsel. A complaint was filed with the

California State Bar as to Jordening's actions.

## FIRST CAUSE OF ACTION (ALL DEFENDANTS)

### Trespass

12. Boyd Real Property incorporates all above allegations herein by reference.

13. Boyd Real Property is the owner of the Property described as 4030 International Blvd,

Oakland, CA 94601, which includes 4030A International Blvd ("4030A"), Plaza Del Sol

("PDS"), a warehouse and storage area and the parking lot attached thereto (collectively "The

Property".)

14. All of the above named defendants have intentionally, recklessly or negligently entered

upon plaintiff's real property directly and indirectly by alleging and using plaintiff's real

property address and advertising and announcing that the defendants are located on said property

for the purposes of commercial business transactions.

15. Furthermore, defendant Mario Juarez and his alleged company "The Mario Juarez Selling

Team" after have been warned and asked not to enter upon The Property or any parts thereof and

they continue to intentionally, recklessly or negligently enter upon said property.

16. Plaintiff obtained a Judgment for Restitution of the Property described as 4030A

International Blvd, Oakland, CA from all occupants including The Mario Juarez Selling Team

(form of entity unknown) and The Fireside California group on July 1, 2010 and have served it

on the defendants and or their agents, all defendants named herein refuse and fail to leave the Property and deliver possession to the plaintiff.

17. In a separate incident, defendant Erika Jordening was specifically notified on July 6, 2010 not to enter upon The Property and the property described as Plaza Del Sol and the warehouse area. Despite written notice thereof, she repeatedly intentionally, recklessly or negligently entered upon the Property. Jordening was escorted off the property by Oakland Police Department.

18. Plaintiff did not give permission to enter upon its property; revoked any previous permission and any entry by the above named defendants exceeded any permission given in the past.

19. Plaintiff Boyd Real Property was harmed by the above acts of unauthorized entry upon its property and the continued occupation upon its property by defendants;

20. The Defendants' entry and conduct are substantial factors in causing plaintiff's harm.

## SECOND CAUSE OF ACTION (ALL DEFENDANTS)

### Ejection from Private Property

### (California Civil Code § 3334)

21. Boyd Real Property incorporates all above allegations herein by reference.

22. Boyd Real Property LLC is the owner of the real property described as 4030 International Blvd, Oakland, CA 94601, which includes 4030A International Blvd Oakland, CA 94601.

23. Plaintiff has obtained a Judgment for Possession as to 4030A International Blvd Oakland, CA form Fireside California Group and the entity known as "The Mario Juarez Selling Team" on July 1, 2010. Furthermore, Plaintiff has demanded of all persons occupying the property herein

described to remove themselves; that any prior permission to be on the property was revoked and that all named defendants do not have permission of the property owner to be on the property.

24. Despite Plaintiff's demands to release, leave, not enter, remove themselves and for ouster from its private property, none of the defendants have complied and they remain on plaintiff's property causing damages in the amount of at least $ 4961.25 per month, plus common area maintenance charges of almost $ 700.00 for the electricity, water and other actual expenses they are generating. No defendant has paid any rent or paid for any utility or maintenance change for its unauthorized occupation of plaintiff's property.

25. Plaintiff has or will be further harmed by the cost of restoration of the property to original condition and the cost of recovering possession.

26. Plaintiff is entitled to immediate return of its property and removal of all defendants occupying said property without plaintiff's permission.

### THIRD CAUSE OF ACTION
#### Fraud and Deceit
#### (Mario Juarez, an individual, Mario Juarez, realtor, 'The Mario Juarez Selling Team"
#### Fireside California Group

27. Boyd Real Property incorporates all above allegations herein by reference.

28. BRP purchased the Property described as 4030 International Blvd Oakland CA. BRP desired to renovate parts of the property to make a commercial "Mercado" style shopping area. Mario Juarez, operating as the CEO of Fireside California Group, as a licensed realtor and representing that "The Mario Juarez Selling Team" was fully qualified to perform services as a general contactor for BRP. Juarez made specific representations of his qualifications and such representations are now reduced to advertisement on their website. Despite the fact that neither Mario Juarez nor the Mario Juarez Selling Team are licensed with the California Contractors

State License Board as a General Contractor, The Mario Juarez Selling Team advertises on its website that they "provide construction services from design to completion We achieve this by providing superior construction service with quality workmanship, while maintaining a tight schedule and budget." Furthermore, there is no record of Mario Juarez or any person affiliated with "The Mario Juarez Selling Team" holding a valid license with the California Architects Board, yet the website advertises that " our services would fall into one . . .[p]roviding all aspects of construction services from design to completion... Within the framework of integrity and craftsmanship, we build trust with our clients while accomplishing their construction needs." Juarez falsely represents in interstate commerce that he and his company are authorized to provide these services including design-build and general construction.

29.　These representations were in fact false as Mari Juarez is neither qualified for and is not authorized by the California Contractors State License Board to perform general contractor work.　Mario Juarez and no one from his office are licensed by the California Architects Board to perform design services.　There is no record that Mario Juarez, The Mario Juarez Selling Team, Terracota LLC, Fireside Realty Company, Fireside California Group have business licenses with the City of Oakland. There are no records with the County of Alameda indicating that Mario Juarez or any party is authorized to do business under the fictitious business name of "The Mario Juarez Selling Team."

30.　In negotiating and entering the month to month rental agreement for the Property known as 4030A International Blvd, Mario Juarez acting in his individual capacity, as the owner of The Mario Juarez Selling Team and as the CEO of Fireside California Group, Inc, Juarez failed to disclose material facts and he contended that "The Mario Juarez Selling Team" had no legal authority to enter any rental agreements, that it was a "marketing devise" owned by Terrocata LLC, or that Fireside California group was a suspended corporation or that as he now alleges in

his deposition that the assets of Fire California Corp were transferred to Terracotta LLC. He never disclosed his contention that he is 'judgment proof' to the prospective creditor. In fact, he made assurances to Boyd Real Property's member, Inyoung Boyd, that all back rents would be paid and that Mario Juarez realtor, The Mario Juarez Selling Team" was a viable legal entity authorized to do business in the State of California.

31. At the time Mario Juarez made these representations he knew they were false or that he knew he had no reasonable ground for believing the representations were true as he has a history of failing to pay creditors and had a history of evading creditors by simply filing new companies. In this case, soon after Boyd Real Property confronted Mario Juarez with his false allegations, breach of contract, embezzlement charges and terminated all agreements on October 31, 2009, Mario Juarez formed a new California limited liability company named The Neal Juarez Company LLC on November 13, 2009. The agent for service of process is Kathy Neal and the entity address as 4030A International Blvd, Oakland, CA 94601.

32. Defendant Juarez concealed these facts and made these misrepresentations with the intent to defraud the plaintiff and to have the plaintiff rely on these facts to induce a business contract, extract financial concessions and to obtain possession of the real property identified as 4030A International Blvd Oakland, CA.

33. Plaintiff reasonably relied upon the defendants' conduct, false statements of facts, false promises and material omissions and provided Juarez and The Mario Juarez Selling Team an agreement to renovate Plaza Del Sol, to provided Fireside California Group, Juarez and the Mario Juarez Selling Team rent deferment and entered into an oral month to month agreement to rent the property described as 4030A International Blvd at the expiration of the written lease agreement with Fireside California Group.

34. Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damages in excess of $ 250,000.00.

## FOURTH CAUSE OF ACTION

### Conversion (Theft & Embezzlement)

**(Mario Juarez, an individual, Mario Juarez, realtor, 'The Mario Juarez Selling Team")**

35. Boyd Real Property incorporates all above allegations herein by reference.

36. Boyd Real Property is the owner of the real property described as Plaza Del Sol, also known as 4030 B International Blvd, Oakland, CA. BRP is the only party entitled to rent and rental payments for the property.

37. As described above, BRP engaged Mario Juarez, realtor and The Mario Juarez Selling Team as real estate experts and rental agents to list and lease out the rental space in Plaza Del Sol. As part of said agreement and engagement, Juarez and The Mario Juarez Selling Team were to collect rental payments, deposits and other sums due from tenants and prospective tenants. All funds were to be collected by Juarez and immediately deposited directly into bank account of BRP on the same day at the bank or at the night drop slot. All payments were to be in the form of check, money order or other instrument made payable to Boyd Real Property. Juarez was not authorized to demand or collect cash payments and the tenants were not permitted to deliver cash payments to Juarez or The Mario Juarez Selling Team.

38. In or about the period of August-September 2009, Juarez and The Mario Juarez Selling Team collected $3400.00 from new tenant Boshi's Café, part in money order and half in cash. Juarez only deposited or caused to be deposited only the money order payable to the property owner. He kept the cash. When later asked for the balance of the money or if there was more money collected from the tenant, Juarez denied he had collected any more funds and did not deliver any more funds to the property owner or its attorney, S. Raye Mitchell. Finally, in or

about November 2009, after Mitchell confronted Attorney Lewis Phone (Juarez alleged that Phon was his attorney) with the evidence of conversion and embezzlement, Juarez returned the missing cash, however, the conversion had already occurred.

39. In another situation, Boyd Real Property had purchased three (3) new flat panel TVs for installation in Plaza Del Sol.  The TVs were given directly to Mario Juarez for installation in Plaza Del Sol.  Later Boyd Real Property discovered that instead of installing two new flat panels as directed, he converted the new products to his personal property, sold them and then installed lower priced, lower quality used TVs in their place.  Also, the third new flat panel had been installed in the conference room of Plaza Del Sol, but one of Mario Juarez's employees simply removed the property at Juarez's direction.  When BRP demanded a return of its property, Juarez did not deny having taken the property, he simply asserted that Boyd Real Property couldn't prove it was he who removed the property and that the other TVs were switched by the installers he had hired.

40.  Plaintiff Boyd Real Property has been injured by the conversion, theft and embezzlement of its personal property by Mario Juarez and his agents operating at his direction.

### FIFTH CAUSE OF ACTION
**Fraudulent Transfer (California Civil Code 3439-3439.12)**
**(Mario Juarez, an individual, Mario Juarez, realtor, 'The Mario Juarez Selling Team")**

41. Boyd Real Property incorporates all above allegations herein by reference.

42. The California Uniform Fraudulent Transfer Act (California Civil Code 3439 et seq) prohibits transfers by debtors with the intent to hinder, delay, or defraud any creditor of the debtor.

43.  Plaintiff Boyd Real Property LLC is a creditor of Mario Juarez, The Mario Juarez Selling Team, Fireside California Group and Terracota LLC (if the allegations of Cecilia Mendez

and Mario Juarez are to be believed) for damages from the fraud and breach of agreement, for unpaid rent and for unpaid expenses for common area maintenance charges for 4030A.

44. Defendant Mario Juarez alleges in statements under oath that the assets of Fireside California Group transferred to Terracotta LLC. He further alleges that "The Mario Juarez Selling Team" is not a legal entity, but a "marketing device" and that Terracotta LLC owns this "marketing device". Juarez denies any ownership interest in "The Mario Juarez Selling Team" and that he is just an employee of Terracotta LLC and not an officer.

45. Mario Juarez and Cecilia Mendez further allege that Cecilia Mendez is the sole member of Terracotta LLC (although Attorney Lewis Phon, alleged legal counsel for Terracotta LLC asserted that Mario Juarez was a member of Terracotta LLC). Juarez and Mendez alleges that Terracotta LLC is part of the estate of Cecilia Mendez in her personal bankruptcy proceedings and that all creditors of The Mario Juarez Selling Team are delayed, hindered and possibly barred form recovery.

46. Plaintiff BRP contends that Mario Juarez is the true owner of the business enterprise entitled "The Mario Juarez Selling Team" and that Terracota LLC has no true ownership interest and any assets and revenue earned by "The Mario Juarez Selling Team", or by Mario Juarez as a licensed realtor for American First Financial Corp are for his benefit and that Mario Juarez retains control of the enterprise. He is prominently featured throughout the website (www.mariojuarez.com) and is presented as the "**Owner**" on the website, has a feature link "About Mario Juarez", includes pictures of him throughout the website, and identifies "his" staff. Mario Juarez Realtor is identified as the copyright owner for the site and of course another ownership indicator is that the site is named as www.mariojuarez.com. Nothing in the site references alleged ownership by Cecilia Mendez or Terracotta LLC. The site appears to have been updated within the last 30 days.

## SIXTH CAUSE OF ACTION

**Mario Juarez, an individual, Mario Juarez, realtor,**

**'The Mario Juarez Selling Team" and Erika Jordening**

**Unfair, Unlawful and Deceptive Business Practices in Violation of Calif. B & P § 17200**

47. Boyd Real Property incorporates all above allegations herein by reference.

48. California Business and Professions Code § 17200 ("UCL") prohibits all acts described as unfair, deceptive or unlawful business practices. The UCL creates a private right of action to enforce laws and statutes not other wised subject to private enforcement.

***Claims Against Erika Jordening***

49. The California State Bar Rules of Professional Conduct Rule 2-100 prohibits an attorney from communicating and contacting an attorney represented party.

50. The California State Bar Rules of Professional Conduct 5-100 prohibits an attorney from making threats to report another attorney to the State Bar as a means of obtaining settlement or concessions.

51. At all relevant times, Boyd Real Property was an attorney represented party in this dispute.

52. On or about July 2-4, 2010, Boyd Real Property discovered a problem of vandalism involving a former tenant, Ms. Merlin owner of Boshi's Café. Ms. Merlin terminated her tenancy and thus had no rights to enter upon the property. She had entered upon the property and BRP contents committed certain acts of vandalism. BRP filed a report with Oakland Police Department and secured the property. A note was posted on the property asking her to schedule an appointment with the property manager Juan Flores to schedule a time to remove her remaining personal property items, but to prevent any further vandalism, she is not permitted on the property without escort.

53. On July 6, 2010, Erick Jordening arrived on the property and removed the note addressed to Ms. Merlin.  Ms. Jordening is or was the legal counsel for Mario Juarez, represents in advertising that she is the general counsel for "The Mario Juarez Selling Team" and knew that Boyd Real Property at all relevant times was represented by an attorney and had the contact information for the attorney, S. Raye Mitchell.  Furthermore, the property manager and agent Juan Carlos Flores directed Ms. Jordening to contact the attorney for the property owner. Ms. Mitchell eventually informed Ms. Jordening to not contact the property manager, not contact the client, Ms. Boyd, and not to enter upon private property to contact Juan Carlos Flores or any employee of the property owner.  The notice was sent to Ms. Jordening vial email and copied to the property manager to be printed and posted in prominent display at the entrance of the building.  Within minutes of receiving the email, Ms. Jordening returned to the property, entered the property and contacted the employee agent of Boyd Real Property and began discussing the dispute and claims that Boyd Real Property was wrong.  Ms. Jordening made threats to sue Mr. Flores, Ms. Boyd, Ms. Mitchell and Boyd Real Property.  She intended to and did intimate Boyd Real Property's employee agent.

54. Ms. Jordening was again asked to not contact the attorney-represented party and not enter upon the property in defiance of the No Trespass notice posted.  In the course of her business activities, Ms. Jordening again contacted an attorney-represented party and again trespassed upon the property. A complaint for violation of Rules of Professional Conduct Rule 2-100 and Rule 5-100 was filed against Ms. Jordening with the California State Bar on behalf of Inyoung and Douglas Boyd as they found the continued contact harassing and annoying and caused them to incur further legal expenses.

55. BRP contends that Jordening engaged in unlawful and unfair business practices in violation of Business and Professions § 17200 by violating the Rules of Professional Conduct and by trespass on private property.

56. BRP suffered monetary damages as a result of Jordening's violations of B&P § 17200.

***Claims against Mario Juarez and The Mario Juarez Selling Team.***

57. BRP contends that defendants Mario Juarez, The Mario Juarez Selling Team have engaged in unlawful, unfair and deceptive business practices of defrauding Boyd Real Property as both a consumer and a creditor of Mario Juarez, Mario Juarez Realtor and as owner of "The Mario Juarez Selling Team" and any of the entities to which he transferred all assets to avoid his debts due BRP. The following is a partial, but not a complete, listing of acts BRP alleges are unlawful business practices engaged by Mario Juarez, The Mario Juarez Selling Team and the potential defendants Cecilia Mendez and Terracota LLC:

    **a)**     **Trespass in violation of California Civil Code 3349 and Penal Code § 602** whereby Mario Juarez and all persons associated with "The Mario Juarez Selling Team" have refused to leave the real property after demand by the property owner and its agent to leave the property and remaining on said property to conduct unlawful business activities and to cause damages and economic loss to the property owner.

    **b)**     **Theft/embezzlement of property in violation of Penal Code § 484** whereby Mario Juarez and the Mario Juarez Selling Team has stolen property, converted money and has remained and obtained services from plaintiff without pay and with no intentions of paying. He obtains services while he asserts that he is judgment proof, thus he has no intentions of paying his debts or for the services he has obtained.

    **c)**     **Perjury and suborning perjury in violation California Penal Code § 118** whereby in opposing plaintiff's efforts to regain possession of its real property from all defendants, Mario Juarez and Cecilia Mendez, aided by Erika Jordening submitted declarations under oath that contained false and or misleading statements and statements contradicted by other factual representations by the witnesses. The sole intent was to

retain possession of the real property and hinder efforts for lawful recovery and remain on the property without paying the rent demanded by the landlord as property owner.

**d)** **Violation of Federal Law 18 USC § 1341,** use of US Mail and interstate commerce and the Internet to commit fraud in procuring permission to use 4030A International Blvd, CA and in providing services of The Mario Juarez Selling Team in the renovation and collection of rents for Plaza Del Sol.

**e)** **Tax evasion and violation of Title 5, Chapter 5.04 of the Oakland Municipal Code** (OMC) which requires all persons conducting any business to first obtain a Business Tax Certificate and pay an annual business tax. Mario Juarez and The Mario Juarez Selling Team, or Terracota LLC have no registration of compliance or payment of business taxes or have obtained a business license and continue to operate its businesses on plaintiff's property.

**d)** **Violation of California Business & Professions Code § 17900-17930**: Failure to register "The Mario Juarez Selling Team" as a fictitious business name to enable creditors and consumers such as BRP to identify the true corporate owner(s) and to avoid fraudulent scams and efforts to dodge financial accountability.  The name "The Mario Juarez Selling Team" implies the existence of other owners along with the specific advertised reference to "The Mario Juarez Selling Team" as a company. Furthermore, under oath Cecilia Mendez and Mario Juarez allege that the name "The Mario Juarez Selling Team" is just a "marketing device" owned by Terracota LLC.  If true, Terracota LLC is obligated by law to comply with the law to register "The Mario Juarez Selling Team" as a fictitious business name.

**e)** **Violation of Federal Law 15 USC § 45 unfair and deceptive business practices in interstate and Internet advertisement**.  Mario Juarez and "The Mario Juarez Selling Team" advertises that "The Mario Juarez Selling Team" is a company, but has no business license, has not registered the 'company' as a fictitious business name and has not obtained any form of business license.  The "company" is advertised on the Internet, thus a product of interstate commerce, and holds a copyright notice as to Mario Juarez Realtor, also the website identifies Mario Juarez as the "Owner" but in statements under oath, Juarez and Cecilia Mendez state that "The Mario Juarez Selling Team" is a marketing device owned by Terracota LLC. The misrepresentations as to the ownership and nature of the "company" is an unfair and deceptive business practice as consumers

and creditors cannot properly identify the legal entity for recourse to collect debts or in the event of consumer disputes such as the dispute of plaintiff.

**f)**    **Violation of California Penal Code § 374**.3 for the unlawful dumping of waste, human waste and debris by Mario Juarez and 'The Mario Juarez Selling Team" into the private property of plaintiff.

**g)**    **Violation of Federal Bankruptcy Fraud laws 11 USC § 548** and conspiracy to commit bankruptcy fraud in concert with Cecilia Mendez, whereby Juarez transferred and Mendez received title to assets of "The Mario Juarez Selling Team" or company to Cecilia Mendez as a means to defraud creditors.  Mendez did not purchase the assets or acquire ownership interest as a BFP, Juarez remains in control of the business entity and continues to advertise himself as the "Owner" of the "company".  Furthermore, there exist no documentation or notice of any alleged transfer of assets to Mendez in any court records and no notice of Mendez or Terracota LLC ownership disclosed to consumers and creditors.

**h)**    **Violation of Business & Professions Code § 7054 by Mario Juarez and "the Mario Juarez Selling Team"** for operating as a general contractor when neither Mario Juarez nor "The Mario Juarez Selling Team" are licensed contractors in the state of California.

**j)**    **Violation of US Copyright law 15 USC § 101 et seq.**  BRP is the exclusive owner of all rights of production, video and display of the real property identified as 4030A.  Juarez and "The Mario Juarez Selling Team" have violated plaintiff's exclusive rights by displaying images of the interior of plaintiff's property without permission and using in commercial advertising

**SEVENTH CAUSE OF ACTION**

**Mario Juarez, an individual, Mario Juarez, realtor,**

**'The Mario Juarez Selling Team"**

**Intentional and Negligent Interference with Prospective Advantage**

58.  Boyd Real Property incorporates all above allegations herein by reference.

59. BRP had an economic relationship with Cirilo Molina and Boshi's Café as tenants at 4030 International Blvd, Oakland, CA 94601.

60. The leasing agreements represented income producing opportunities for BRP.

61. Mario Juarez had actual knowledge of BRP's lease relationships with Cicilo Molina and Boshi's Café.

62. Both Mario Juarez and Cecilia Mendez acted individually and in concert to intentionally or negligently to disrupt the relationship between BRP and its tenants.   Specifically, some of the acts by the defendants, but not an exclusive list, include, Juarez and Mendez directing and advising the tenants to not pay rent or to pay less than the amount of rent required.  Directing and advising the tenants to make false claims of damages and property defects to gain rent concessions.  Directing and encouraging property vandalism by the tenants.

63. The above conduct was intentional as the parties know and should have known that BRP was being harmed by the failure of the tenants to pay rent.

64. Juarez and Mendez intentionally interfered with BRP's Prospective Advantage of its lease and continuing to lease with its tenants.

65. Defendant's action caused and continued to cause BRP substantial economic harm and business disruption.

66. Defendants' actions were the approximate and direct cause BRP incurring increased cost in removal of the non-paying tenants and restoration of the property damaged caused by the tenants at Juarez's direction and advice and BRP's loss of business, disruption in business, and inconvenience measured in loss of business and business opportunity.

### EIGHTH CAUSE OF ACTION
**Mario Juarez, an individual, Mario Juarez, realtor,**
**'The Mario Juarez Selling Team"**
**Intentional Interference with the Right to Pursue a Lawful Business**

67. Boyd Real Property owns commercial retail and office space at 4030 International Blvd Oakland, CA.  BRP's primary business is renting and leasing commercial office and retail space. BRP terminated any tenancy agreements with any all occupants and alleged tenants in 4030A International Blvd including Mario Juarez, Cecilia Mendez and "The Mario Juarez Selling Team".  Subsequent to terminating the tenancy of the occupants of 4030A, BRP attempted to list its property for lease and to obtain pictures to show to prospective new tenants. Mario Juarez blocked all efforts for the property owner and or its agents to enter upon its own property to inspect, evaluate and show its property.  Any efforts to show the property were also met by threats from Juarez to call Oakland Police Department and file false reports of entry and

harassment against BRP and its agents.  Thus, Juarez interfered with BRP's right to pursue a lawful business, i.e. lease its commercial space to paying tenants.

68. Juarez intentionally acted to deprive BRP of prospective tenants and a chance to lease its property to paying tenants willing to pay the rate BRP demands and or negotiates.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff request that this Court:

1. Award compensatory damages according to proof, but no less than the amount of $ 250,000 in unpaid rents, property damage, restoration of plaintiff's property and cost to recover property from trespassers;

2. Injunctive relief to enjoin Defendants' conduct from continued unlawful, unfair and deceptive business practices, including ceasing and desisting all operations of  "The Mario Juarez Selling Team" as an unlicensed and fraudulent operation, cease and desist use of images of plaintiff's real property in any form of advertisement and cease and desist use of any description of plaintiff's property as commercial business locations or offices of the named defendants.

3. Permanent injunctive relief enjoining the defendants from entry upon the real property known as 4030A International Blvd Oakland, CA 94601 and enjoined use of the address as a place of business operations in advertisement and notices of any all sources. Ejection and removal of all named defendant occupants from Plaintiff's property;

4. Disgorgement of any profits by Defendants attributable to any unlawful conduct;

5. Cancellation of any alleged contracts or leasing agreements obtained by unclean hands and unlawful conduct of Defendants and Defendants' acting in concert;

6. Award Plaintiff attorney fees and reasonable costs pursuant to statute and attorney fees as cost of removal of trespassers pursuant to statute, and

7. Award any other relief that this Court deems just and equitable in the interest of justice.

Dated: Oakland, California
       July 19, 2010

                              **S. R. Mitchell**
                              **Attorney for Plaintiff**