Filed 10/04/10　　　Case 09-30142　　　Doc 204

FILED
October 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002975596

S. R. Mitchell (SBN 172664)
Attorney at Law
The Making a New Reality, Inc
1300 Clay Street Suite 600
Oakland, CA 94612
510.836.2097 (ph)/510.380.6531 (fax)
Attorney for Boyd Real Property LLC and Inyoung Boyd

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**CECILIA MENDEZ**<br><br>　　　　Debetor(s), | Civil Case No.: 09-30142<br><br>Chapter 11<br><br>D.C. No. SRM-3<br><br>Motion for Relief from Automatic Stay. |
| BOYD REAL PROPERTY LLC, a California limited liability company, INYOUNG BOYD, an individual,<br><br>　　Movant(s)<br><br>vs.<br><br>CECILIA MENDEZ, Debtor<br>　　Respondent(s) | LBR 4001-1 and 9014-1(f)(2)<br><br>Date:　　October 13, 2010<br>Time:　　10:00 a.m.<br>Judge:　　Hon. Robert S. Bardwell<br><br>Ctrm:　　34<br>501 "I" Street Room 7-500<br>Sacramento, CA 95814 |

TO THE RESPONDENTS NAMED ABOVE:

　　Boyd Real Property LLC, a California limited liability company, and Inyoung Boyd, an individual (hereinafter "Movants"), potential creditors of the above-entitled Debtor in the above-referenced matter, respectfully represents as follows:

### RELIEF FROM STAY-CAUSE
### FAILURE TO MAKE PAYMENTS

　　1.　　This court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code §§ 157 and 11 United States Code § 362.

---

1　　　　　　　　　　　　　　　　　　　　　1300 Clay Street Suite 600, Oakland, CA 94612

2. On or about December 23, 2004, the real property owner Mason Au ("Property Owner") of commercial office space located at 4030A International Blvd, Oakland, CA ("Premises") executed a three (3) year written lease agreement ("Original Lease") between Property Owner and Fireside California Group, Inc, a California corporation ("Fireside"). **Cecilia Mendez, aka Cecilia Mendez-Olmos executed the agreement in her capacity as Officer and President of Fireside California Group, Inc**.

2. In Dec 2004, Cecilia Mendez aka Cecilia Mendez-Olmos executed a Personal Guaranty of Lease on or about the same date as execution of the Original Lease ("Guaranty"). The lease and the Guaranty expired in Feb. 2008.

3. In and about February 2008, Boyd Real Property LLC ("BRP") purchased the Premises and became the successor in interest and Property Owner. At the time of the transfer of ownership interest, BRP entered into an oral agreement with Fireside California Group, Inc, by and through its CEO Mario Juarez, Mario Juarez, an individual and "The Mario Juarez Selling Team" ("The New Tenants"). The terms of the agreement mirrored the Original Lease.

4. BRP never entered into any lease agreements with Cecilia Mendez or Cecilia Mendez Olmos or her company Terracotta LLC.

5. BRP entered into an oral agreement for month-to-month rental of commercial property with Mario Juarez, an individual, The Mario Juarez Selling Team and Fireside California Group, Inc. The only interactions between Debtor and Movants have been in her capacity as agent/employee of *The Mario Juarez Selling Team*.

6. Debtor alleges that she is the sole member of Terracotta LLC, a California limited liability company. Debtor further alleges that Terracotta LLC is a tenant in possession the property at 4030A International Blvd, Oakland, CA 94601. Terracotta LLC is not in bankruptcy

and not subject to the jurisdiction of this court and the automatic stay under 28 USC § 157 and 11 USC § 362.

7.     Movants deny that they have entered any oral or written agreements with Debtor or her company Terracotta LLC for the rental of the real property located at 4030A International Blvd.

8.     Movants filed an unlawful detainer action in Alameda County Superior Court Case No. *Boyd Real Property vs. Fireside California Group, et al Case No. RG10500488* on February 25, 2010 ("State Court Action").

9.     Debtor filed a declaration under oath in the State Court Action. Debtor alleged that she is a tenant at the Premises and then alleged that her company, Terracotta LLC, is the tenant on the Premises. See Declaration of S. Raye Mitchell filed September 27, 2010.

10.    On July 1, 2010, Movant obtained a **Judgment for Restitution of the Premises** as to the tenants and all occupants (which includes Debtor and her company Terracotta LLC to the extent she alleges she and her company are occupants of the Premises). See Declaration of S. Raye Mitchell filed September 27, 2010.

11.    No person or company or any occupant of the Premises, including Cecilia Mendez and her company, Terracotta LLC have paid any rent on the property and the rent and arrears approach **$ 100,000.00**.

12.    Despite the fact that Debtor now denies she is the tenant, admits that her company Terracotta LLC is not in bankruptcy proceedings, and acknowledges that neither Debtor nor her company have paid any rent, the bankruptcy proceedings of Cecilia Mendez have been used to block execution of a Writ of Possession. Debtor has not filed any notices with the State Court renouncing the use of her bankruptcy proceedings to block execution of the Judgment for Restitution of Premises. Based on the statements of Debtor and others, the State Court has

blocked execution of the Judgment for Restitution of the Premises based on the bankruptcy status of the Debtor.

13. **Movants require an Order for Relief From Automatic Stay to recover possession of the Premises pursuant to the Judgment for Restitution of Premises issued July 1, 2010**.

14. Movant submits that "cause" exists for relief from the automatic stay based on a) the absence of any landlord-tenant relationship between Movants and Debtor, b) the unlawful occupation by debtor and all others as to the Premises, and c) the lack of payment by the Debtor of monthly rent since February 2010 as an occupant of the Premises pursuant to 11 USC § 362(d)(1). Accordingly, as the debtor has failed to make any payments and continues to occupy the Premises and the State Court requires an order from relief from automatic stay to regain possession from the occupants, Movants are entitled to relief from the automatic stay pursuant to 11 USC 362(d)(1).

15. If Movants are not granted a relief from the automatic stay, Movants will continued to suffer irreparable injury, loss and damages as no occupant or the Debtor are paying any rent and fees for the property. The amount in arrears is approaching $ 100,000.00.

<u>**RELIEF FROM STAY-CAUSE**
**DEBTOR MAY BE NAMED AS INDISPENSIBLE DEFENDANTS**
**IN FEDERAL CASE FOR TRESPASS AND FRAUD.**</u>

16. Movants have filed an action the United States District Court Northern California, naming several defendants in possession of the Premises in a complaint ("Federal Case"). **<u>Boyd Real Property vs. Mario Juarez, et al, The Unites States District Court, Northern District, C10-03142 THE</u>**. No judgment has been rendered in this matter.

17. Debtor is a seeking to name Debtor personally and her alleged entity Terracotta LLC as defendants in the Federal Case. Defendants that have appeared in the case allege that Debtor Cecilia Mendez and her company Terracotta LLC are indispensible defendants in the case.

4           1300 Clay Street Suite 600, Oakland, CA 94612

Movants have responded to an Order to Show Cause as to the implications of moving forward when there are bankruptcy proceedings pending. No other defendants in the Federal Case are in bankruptcy and the court reference to bankruptcy proceedings stem from the interjection and declaration Debtor's legal counsel Lewis Phon who filed a declaration is the matter appearing to allege that Terracotta LLC, the company of Debtor is under the jurisdiction of this bankruptcy court. See Declaration of S. Raye Mitchell filed September 27, 2010.

18. Movants submits that an Order From Relief From Automatic Stay will enable the Federal Case to proceed with or without the Debtor. Movants will suffer irreparable injury, loss, expense and delay if its Federal Case is stayed pending the Debtor's bankruptcy proceedings, when Debtor has not been named as a defendant.

WHEREFORE, Movants respectfully pray for an Order of this court as follows:

1. Terminating the automatic stay of 11 USC § 362, as it applies to Alameda county Superior Court Case No RG10500488.

2. Terminating the automatic stay of 11 USC § 362, as it applies to USDC Case No. C10-04207 THE in the event it is determined that Debtor is an indispensible defendants in that matter.

3. That the 14-day stay described by Bankruptcy Rule 4001 (a)(3) be waived;

4. An award of attorney fees and costs in the amount of $ 1425.00 (attorney fees) and costs of $ 150.00 pursuant to the Declaration of S. Raye Mitchell as Movants sought a Stipulation form Debtor to avoid the cost of this motion and debtor's counsel declined, and debtor does not deny that she is on the property, that there is a Judgment for Restitution and that this request for an Order for Relief From Stay is necessary to remove Debtor and or her company, who have refused to leave the property (California Civil Code § 3334), and

5. For such other and further relief as the court deems just and proper.

Dated: October 4, 2010

By: /s/ S. Raye Mitchell
Attorneys for Boyd Real Property LLC and
Inyoung Boyd