FILED
October 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002995410

Lewis Phon, Esq.    #74907
Law Offices of Lewis Phon
4040 Heaton Court
Antioch, CA  94509
(415) 574-5029 TEL
(925) 706-7600 FAX

Attorney for Debtor
Cecilia Mendez

UNITED STATES BANKRUPTCY COURT

IN THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO. 09-30142 |
| | DCN: SRM-3 |
| CECILIA MENDEZ, | CHAPTER 11 |
| Debtor (s).                    / | **OPPOSITION TO MOTION FOR RELIEF FROM STAY BY BOYD REAL PROPERTY LLC** |
| BOYD REAL PROPERTY, LLC | |
| MOVANT, | DATE: 10/13/10 |
| V. | TIME: 10:00 A.M. |
| | PLACE: COURTROOM 34 |
| CECILIA MENDEZ, DEBTOR IN POSSESSION. | |
| RESPONDENT.                    / | |

STATEMENT OF FACTS

    Boyd Real Property,LLC (herein referred to as "Boyd" has filed

a motion for relief from stay.  Boyd apparently seeks to recover

-1-

possession of the real property at 4030A International Blvd., Oakland, California. The debtor does not necessarily oppose the motion if Boyd only seeks to proceed with its pending eviction action. However, the debtor is concerned that Boyd is actually seeking to recover more than just possession but actually seeking to sue the debtor for pre-petition and other unsecured claims as it has already threatened to do so.

Boyd admits that it presently has no creditor-debtor nor landlord tenant relationship with the debtor. This statement was made by Boyd notwithstanding the fact that the debtor currently is an occupant of the premises.

Despite the statement by Boyd that the debtor is not a tenant of the premise, the debtor was sued by Boyd in January 2010 for alleged past due rent although this claim is disputed. Debtor has always asserted that her limited liability company, Terracota, was the tenant. In that complaint, Boyd sought to recover a monetary judgment against the debtor and Terracota even though Boyd's counsel was advised that the debtor was in Chapter 11 proceedings.

Notwithstanding the notice to Boyd, neither the debtor nor Terracota prevented Boyd from proceeding with its suit. Instead, Terracota and the Debtor responded to the complaint by filing a demurrer to the eviction action. However, just prior to the time the demurrer was heard, Boyd's counsel dismissed both Terracota and the debtor from that action without service of any notice of the dismissal. Boyd then sought the default of certain other defendants whom Boyd had named in the complaint but who had no interest in the premises and, therefore, did not file an answer to the complaint.

1    Once the defaults were obtained against these defendants,

2  Boyd's counsel was able to a judgment for possession.   Because a

3  judgment of possession can be enforced against any occupant of the

4  premises even if that person is not named in the original

5  complaint, Boyd's strategy was to obtain a judgment against parties

6  who had no reason to appear in the action.   Therefore, if an

7  occupant is not originally named in an eviction action, the

8  occupant could still choose to appear in the action.   By dismissing

9  both the  Debtor and Terracota from the action, Boyd believed that

10  it would be able to effectively deny Terracota the means to oppose

11  the complaint.

12    Terracota only learned that it had been dismissed from the

13  complaint when the Alameda County sheriff sought to enforce a writ

14  of possession against the premises.   After advising the Superior

15  Court that Boyd had improperly denied Terracota's right to contest

16  the complaint by first, dismissing Terracota without prior notice

17  and, secondly, by continuing the action against parties who had no

18  interest in the premises, the court vacated the judgment.

19    As a result of the voiding of the judgment, Boyd then

20  dismissed the entire complaint and re-filed a new second complaint

21  although Boyd declined to name either the Debtor nor Terracota as

22  defendants.   Therefore, the debtor did not use her Chapter 11 to

23  prevent Boyd from proceeding with its state court remedies.

24  Unfortunately for Boyd, because Boyd simply has not been following

25  proper procedures in its state court actions, Boyd has not been

26  able to complete its suit.   Yet, Boyd's failure to do so was not

27  due the debtor's use of her Chapter 11 but because the debtor had

28  raised her defenses as any defendant should be able to.

**SHOULD THE COURT GRANT RELIEF FROM STAY, THE COURT SHOULD REQUIRE BOYD THAT IT CANNOT ENFORCE ANY MONETARY JUDGMENT AGAINST THE DEBTOR WITHOUT PRIOR APPROVAL FROM THE BANKRUPTCY COURT OR HAVE THE DEBTOR DEFEND ANY SUIT OTHER THAN ONE FOR POSSESSION OF THE PREMISES.**

In its motion for relief from stay, Boyd has already stated its intention to seek damages and a monetary judgment against the debtor even though Boyd has stated that the debtor was not its tenant nor a debtor to Boyd.  Boyd seeks to show that the debtor is a "trespasser" and Boyd has sued the debtor for alleged past due rent.  Boyd has also stated that it intends to name the debtor in a pending federal District Court action seeking to prove that the current occupants are intentionally depriving Boyd of the use of the premises and it is seeking punitive damages.  The debtor should not be required to defend such a specious lawsuit.

If Boyd is allowed pursue a monetary judgment against the debtor under the guise that it is simply seeking possession of the premises, then Boyd will have an unfair advantage over other unsecured creditors.

**BOYD IS NOT ENTITLED TO SEEK ATTORNEYS FEES AND COSTS FOR MAKING THIS MOTION**

Boyd has not cited any authority allowing it to be awarded fees for making a motion for relief from stay.  First, Boyd has no contractual relationship with the debtor nor any agreement providing for an award of fees arising from litigation.  Second, Boyd admits that it is not even a creditor of the debtor.  Third, even if Boyd can be considered a creditor, it would be an unsecured one and be subject to 11 U.S. §506(b) and §502 which controls the

-4-

award of fees in a bankruptcy case.    See also, <u>In Re Dan Saunders</u>

(1991) 130 B.R. 208.      In <u>Saunders</u>, supra, the court found that

the only section of the Bankruptcy Code that expressly authorizes

any creditor to be paid attorneys' fees as part of a claim is 11

U.S.C. §506(b).

     Under 11 U.S. §506(b), Boyd must satisfy four requirements as

part of its claim, 1) Boyd must have an allowed secured claim 2) it

must be oversecured  3) the underlying documents must provide for

such fees and costs and 4) the claim for fees and costs must be

reasonable. See <u>In re Karin-Marie Lund</u> (1995) 187 B.R. 245, <u>In Re</u>

<u>William Campbell</u> (2009) 402 B.R. 453.     In the case at bar,

defendants have no secured claim, much less an oversecured claim.

Without any type of claim or collateral, Boyd has no basis to

recover fees.    See also, <u>United States v. Ron Pair Enterprises,</u>

<u>Inc</u>. (1989) 489 U.S. 235, 109 S.Ct 1026.

    Under the American rule, the law imposes on a party the duty to

pay his own attorney fees and expenses in vindicating his own

personal interest.    See <u>In Re Central Foundry Company</u> (1984) 45

B.R. 395, <u>United States v. Larchwood Gardens, Inc.</u> 420 F.2d 531.

**CONCLUSION**

    By its own admission, Boyd admits that it is not a creditor

nor landlord of the debtor.    Boyd has no contractual relationship

with the debtor and has no basis to seek an award of fees and

costs.

    Though Boyd has attempted to show that it is being deprived

of possession of the premises, Boyd has already instituted state

court actions to recover possession.    Relief from stay should be

limited to allow Boyd to continue with its action for possession

but not to pursue unsecured monetary claims except in the
bankruptcy court.


Dated: 10/12/10                    Respectfully submitted,

                                    /S/ Lewis Phon

                                   _____
                                   LEWIS PHON, Attorney for
                                   Debtor Cecilia Mendez



k:\data55\ceciliamendez\opposition to relief from stay