Filed 10/13/10     Case 09-30142     Doc 216

FILED
October 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002995411

Lewis Phon, Esq. (Bar # 74907)
LAW OFFICES OF LEWIS PHON
4040 Heaton Court
Antioch, CA 94509
(415) 574-5029 TEL
(925) 706-7600 FAX

Attorney for Debtor
Cecilia Mendez

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Cecilia Mendez,<br><br><br><br><br><br>                    Debtor.<br>_____/ | Chapter   11<br><br>Case No.   2009-30142<br><br>DCN: SRM-3<br><br>DECLARATION OF CECILIA MENDEZ IN SUPPORT OF OPPOSITION BY TO MOTION FOR RELIEF FROM STAY<br><br>DATE: OCTOBER 13, 2010<br>TIME:  10:00 A.M.<br>DEPT:  34<br>JUDGE: Robert S. Bardwil |

   I, Cecilia Mendez, filed for Chapter 13 in this court on or about May 21, 2009.  The case was converted to Chapter 11 on or about February 16, 2010.  I am the sole member of a limited liability company called Terracota, LLC that was formed on or about January 2, 2009.

Debtor's Declaration                -1-

Boyd Real Property, LLC, Terracota's landlord, has filed a motion for relief from stay in order to pursue an action against me to recover possession of the premises at 4030A International Blvd., Oakland, California even though I am not the tenant there. Terracota had entered into an oral agreement to lease the premises with Boyd Real Property in or about January 2009. Terracota paid the rent directly to Boyd from that time on until February 2010.

On or about October 31, 2009, Boyd, through her counsel, Raye Mitchell, served a 30 days notice on me as well as "all occupants", which included Terracota, to terminate the tenancy by December 31, 2009. Boyd contended that the rent term would end on December 31, 2009 and that the parties either had to reach a new rental agreement or the defendants would have to vacate the premises.

In January 2010, Boyd served a three days notice on me and Terracota and, thereafter, Boyd filed a complaint for unlawful detainer based upon the three days notice against me and other parties who had no interest in the premises. As I did not believe that the suit was justified, Terracota and I filed a demurrer to the complaint alleging the three days notice was improperly calculated and had stated no cause of action. Oddly enough, just a few days prior to the hearing on the demurrer and without advising me or the other defendants, Boyd dismissed me and Terracota from the complaint and proceeded to obtain a default judgment against the remaining defendants. Boyd did not dismiss me because of any pending Chapter 11 proceedings but because it feared that it would lose the suit.

When it was discovered that Boyd's counsel had used improper means to obtain the judgment, the court vacated the judgment.

Thereafter, instead of proceeding with the complaint, Boyd

Debtor's Declaration                           -2-

dismissed that complaint and served a new three days notice and a new complaint except that it did not name either me nor Terracota as defendants.

When some of the other defendants filed a demurrer to that complaint as well, Boyd's counsel again dismissed those parties without serving them with a copy of the dismissal just prior to the hearing on the demurrer and proceeded to obtain a writ of possession against the remaining defendants who had no interest in the lease.

Though those defendants were able to quash the writ, Boyd elected to file a complaint in the U. S. District Court against even people who only work at the premises but, again, did not name either me nor Terracota.  However,  Boyd has stated it wants to name me in this lawsuit as a defendant.

I am concerned that Boyd wants to sue me for monetary damages under the guise of trying to recover possession of the premises as it has already threatened to do so.  Boyd's ability to sue me should be limited just to the eviction action and not be allowed to sue me for other meritless unsecured monetary claims except in the bankruptcy court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at Oakland, California on Octobeber 12, 2010.

/s/ Cecilia Mendez
_____
Cecilia Mendez

k:\data55\ceciliamendez\declaration

Debtor's Declaration                    -3-